Carr, J.
In an action of tort, the plaintiff filed interrogatories to the defendant which the latter refused to answer on the ground that said interrogatories numbered more than thirty questions in contravention of Gen. Laws, Ch. 231, sec. 61 as amended by Acts and Resolves of 1929, Chapter 303, section 1. The plaintiff moved to strike defendant’s answer from the record and that the defendant be ordered to answer further the plaintiff’s interrogatories.
The trial judge denied the motion but gave the plaintiff leave to file a new set of interrogatories to the defendant, containing not more than thirty interrogatories.
The judge was not asked to give any reason for his action, nor did he state why he denied the plaintiff’s motion. There are various reasons good or bad why the court might have refused to act as requested by the plaintiff and we think no question of law is reserved for us to review.
We have passed on a somewhat similar situation in Cherry v. Weis, 28 App. Div. 366 (No. 163748) of this court.
*218 Wé consider, however, the question which the. plaintiff has argued; that he was entitled to his motion because his interrogatories were not over thirty.
It was-held in Gill v. Stretton, 1936 — Vol. I, Mass. Appellate Division Rep. 408 that an interrogation is one interrogatory if it asks about a single matter even though it prescribes the details of the answer. In the case before us the interrogatories are numbered up to 19 with many subdivisions. The plaintiff in his brief admits there are twenty-seven subjects. Within the limitations of the above decision we think the number is clearly over thirty.
Assuming without deciding that all other interrogatories contain single questions, we give our attention to those numbered 3, 4, 8, 9,10, 12,14, 15,16 and 18. Interrogatory 3 has at least five subject matters. In subdivision a make, type and year describe the car; registration relates to the right to be upon the highway. Subdivision b doubtless singlely identifies the owner. In subdivision c name and address identify the operator; license relates to his right to- operate. Interrogatory 4 has at least two subject matters. Division a relates to the person driving; b to the purpose of the drive, Interrogatory 8, the plaintiff concedes, has three questions. Interrogatory 9 obviously refers to three ■ different subject matters, — seeing, hearing and doing. Interrogatory 10, the plaintiff concedes, has two interrogations. In interrogatory 12 plaintiff concedes and we find two interrogations. Interrogatory 14 calls for answers as to how the accident happened and what signals were given. In interrogatory 15 plaintiff concedes two questions but we find three. Interrogatory 16 calls not only for a description of the points of control of all vehicles involved but asks for a description of damages. Interrogatory 18 asks not only for the position of the vehicles at the point of contact but after they had come to. rest. Add *219 ing the results we find that our minimum reaches 34 questions.
We think that the rule that an interrogatory is one question if it relates to a single matter is a helpful definition. It is a guide to the solution of the issue but it does not cover the whole subject. We assume that a clever practitioner might phrase a question asking for all facts bearing on the single matter of the negligence of the defendant (cf for example the present interrogatories 14, 17 and 19) or on the question of due care of the plaintiff. If so, by innumerable specification he could cover the whole cause of action. If the basic idea is sufficiently inclusive there is no end to the specifications it will bear and the Act of 1929 will become a dead letter. Obviously some limit must be set to the rule. In the amendment limiting to thirty the number of interrogatories which a party may of right file, the phrase “ including interrogatories, subsidiary or incidental to, or dependent upon, other interrogatories, and however the same may be grouped, combined or arranged”; must be given force and effect in construing the statute. It cannot be said that this language was put into the statute without purpose. Perhaps a test might be that an interrogatory would be a single question if the items specified under it are such that a reasonably intelligent person would understand that they were sought by the basic question without specification but that if such reasonably intelligent person would require further questioning to suggest the subdivision the interrogatory would not constitute a single question. Limited by such consideration, the questions before us would far exceed the limit of thirty.
We must bear in mind the evil at which the Act of 1929 (Ch. 303) was aimed. Stock forms of interrogatories aggregating over a hundred numbered questions but increased by further subdivision were being sold to certain members of the bar and filed indiscriminately in many tort cases. *220 They harassed parties to actions and threw a vast burden on those members of the bench actually engaged in trying cases. The situation reached a climax when, thrown out bodily by a trial judge, they found judicial support in the decision of Goldman v. Ashkins, 266 Mass. 374, decided February 28, 1929. The Legislature promptly came to the rescue of bench and parties by the passage of Chapter 303 of the Acts of 1929 which was approved on May 9, 1929.
The act provided that “no party shall file as of right more than thirty interrogatories, including interrogatories subsidiary or incidental to, or dependent upon other interrogatories, and however the same, may be grouped, combined or arranged.”
The statute sought to remedy an apparent evil and it should be “construed liberally and in such a way as shall tend to suppress the mischief.” Yalenezian v. Boston, 238 Mass. 538, 541.
Report dismissed.