## Commonwealth *vs.* Mary T. Rogers.

No. 97-P-1673.

Suffolk. September 18, 1998. - January 7, 1999.

Present: Armstrong, Dreben, & Jacobs, JJ.

*Judge. Contempt. Attorney at Law,* Contempt. *Practice, Criminal,* Contempt.

A District Court judge inappropriately entered a judgment of summary criminal contempt for an attorney's disappearance from the court room, in violation of the judge's order, during the call of the list, where the violation of the order did not, in the circumstances, directly and materially disrupt the court's business or constitute an obstruction to the administration of justice requiring summary action under Mass.R.Crim.P. 43 [109-112]; however, the judge's imposition of nominal costs ($50) for such conduct, after affording an opportunity for the attorney to be heard, was not unreasonable or an abuse of discretion [112-113].

Adjudication of contempt in the Boston Municipal Court Department by *Herbert H. Hershfang*, J., on August 6, 1996.

*Jeffrey L. Baler* for the defendant.

*David E. Edmonds*, Assistant Attorney General, for the Commonwealth.

Jacobs, J. Faced with an exceptionally heavy case load in a morning pretrial session of the Boston Municipal Court, and observing "no progress and various counsel disappearing"[1] during a call of the list, the judge announced in open court that all counsel were to remain in the court room until their cases were called and a disposition reached. A few minutes later, when one of her cases was called, the defendant, an attorney, was not present. Concluding that some action was necessary "to preserve the integrity of the court," the judge announced he would deal with her when she returned. Upon her return, the

---

[1]The principal events in the court room are not recorded in the transcript in our record. We rely on the undisputed background facts provided in the judge's memorandum.

defendant acknowledged hearing the judge's order, but explained that she had thought she could leave the court room because she was trying to resolve one of her cases and had left to talk to a client in custody. The judge told her she would be assessed fifty dollars for her conduct. After requesting and being given a day to consider her options, the defendant returned the next day and, claiming she did not intend to be contemptuous, sought a further hearing. Subsequently, represented by counsel, she filed a motion requesting a proceeding under Mass-.R.Crim.P. 44, 378 Mass. 920 (1979). In his written ruling the judge denied the motion, reaffirmed his conclusion that the defendant's conduct "comprised a criminal contempt of court [under] Mass.R.Crim.P. 43,"[2] and ordered her to pay the assessment.

"Every judge 'must exercise his inherent powers as necessary to secure the full and effective administration of justice.' *O'Coin's, Inc.* [v. *Treasurer of the County of Worcester,* 362 Mass. 507,] 514 [(1972)]." *Commonwealth* v. *O'Neil,* 418 Mass. 760, 764 (1994). "Of necessity, a judge's inherent powers must encompass the authority to exercise 'physical control over his courtroom.' " *Id.,* quoting from *Chief Administrative Justice of the Trial Ct.* v. *Labor Relations Commn.,* 404 Mass. 53, 57 (1989). The judge's order that counsel remain in the court room reasonably was related to the necessity for ensuring the effective disposition of cases and clearly was a valid exercise of his inherent powers. His reaction to violation of that order by his own account and by the record of this case was to impose a criminal sanction, a result that may be obtained only by adherence to the rules applicable to criminal procedure. Although Mass.R.Crim.P. 43(a), 378 Mass. 919 (1979), states that "[a] criminal contempt may be punished summarily when it is determined that such summary punishment is necessary *to maintain order* in the courtroom" (emphasis added), we must view the summary contempt power as "conceived narrowly and

---

[2]Although the judge's ruling states a criminal contempt under Mass.R. Crim.P. 43, 378 Mass. 919 (1979), the judge qualified that ruling by adding: "[Rule 43], *a fortiori,* authorizes the court's 'lesser included' disposition effected here, the reprimand and assessment." However, "[i]f the contempt proceeding is criminal even in part, 'the criminal feature must be regarded as dominant and fixing the character of the trial.' " *Furtado* v. *Furtado,* 380 Mass. 137, 142 (1980), quoting from *Root* v. *MacDonald,* 260 Mass. 344, 367 (1927). On appeal, the defendant and the Commonwealth treat this case as a rule 43 matter.

[to be] used with great restraint." *Commonwealth* v. *Viera*, 41 Mass. App. Ct. 206, 208 (1996). The defendant's violation of the judge's order did not "directly and materially disrupt[] the court's business." *Commonwealth* v. *Diamond, ante* 103, 105 (1999). Nor did her tardy return to the court room constitute an obstruction to the administration of justice which required summary action under rule 43.[3] See *Offutt* v. *United States*, 348 U.S. 11, 14 (1954); *Sussman* v. *Commonwealth*, 374 Mass. 692, 695-696 (1978); *Commonwealth* v. *Viera, supra* at 208.[4]

We do not imply that an attorney's absence or tardiness can never be the subject of a contempt action. When confronted with extreme circumstances which the judge believes to be contumacious he or she may initiate or recommend a rule 44 or like proceeding.[5] Additionally, the judge may report conduct

---

[3]There is no contention that the judge followed Mass.R.Crim.P. 44, 378 Mass. 920 (1979). Because of our decision we also have no occasion to consider whether the judge erred in denying the defendant's motion for a proceeding under that rule.

The judge made reference to the defendant's absence as taking place "in court," apparently in further support of his conclusion that the defendant should be summarily punished. In view of our conclusion that the defendant's absence was not disruptive of the order in the court room, we need not consider whether the defendant's conduct constituted what traditionally has been referred to as a "direct contempt" justifying summary punishment. Moreover, the failure of an attorney to appear has been said to be analogous to the designation of "indirect contempt." See *Beit* v. *Probate & Family Ct. Dept.*, 385 Mass. 854, 861 n.12 (1982). We note that there is disagreement among other jurisdictions as to whether absence from the court room is a contempt committed in the presence of the judge. See generally Annot., Attorney's Failure to Attend Court, or Tardiness, as Contempt, 13 A.L.R. 4th 122 (1982 & Supp. 1998).

[4]We do not regard the defendant's disobeying the judge's order as a violation of a warning constituting an independent ground supporting a judgment of summary contempt. "[A] trial judge should not exercise the power of summary contempt in the absence of a prior warning as to the conduct which would place the offender in contempt. The nature of such warning is that it must be made clear to the attorney that such conduct is impermissible *and* that specified sanctions may be imposed for its repetition" (emphasis supplied). *Sussman* v. *Commonwealth*, 374 Mass. at 697. There is no indication in this record that the order issued by the judge contained a clear warning of a criminal sanction for noncompliance.

[5]The Massachusetts Rules of Criminal Procedure apply only to proceedings in the Superior, District, Juvenile, and Boston Municipal Courts. See Mass.R. Crim.P. 1(b), 378 Mass. 842 (1979), and 2(b)(7), 378 Mass. 845 (1979). However, judges of other courts possess similar contempt powers under the

violative of the Rules of Professional Conduct to the Board of Bar Overseers. See *Commonwealth* v. *Diamond, supra* at 107.

Where, as here, the defendant's conduct was not so disruptive as to warrant a summary contempt punishment but nevertheless interfered with the efficient administration of justice, an assessment of costs may be an effective judicial option in maintaining procedural control of a court room. " 'Counsel for litigants, no matter how "important" their cases are, cannot themselves decide when they wish to appear or when they will file those papers required in a law suit. Chaos would result. . . . There must be . . . some respect shown to the convenience and rights of other counsel, litigants, and the court itself.' *Smith* v. *Stone*, 308 F.2d 15, 18 (9th Cir. 1962). . . . If judges lacked power to compel attorneys to appear, 'the orderly administration of justice [would] be removed from the control of the trial court and placed in the hands of counsel.' *Link* v. *Wabash R.R.*, 291 F.2d 542, 547 (7th Cir. 1961), aff'd, 370 U.S. 626 (1962)." *Beit* v. *Probate & Family Ct. Dept.*, 385 Mass. 854, 859 (1982). "Among a judge's inherent powers is the authority to make the court's lawful orders effective. Exercising this power, a judge may impose reasonable court costs on an attorney who . . . delays . . . adjudication . . . and squanders limited judicial resources." *Id.* at 859-860. Accordingly, a judge may order an attorney to pay court costs for a failure to appear for a scheduled trial. See *id.* at 860.[6] It follows that a judge may also assess costs against an attorney for engaging in other forms of conduct that similarly interfere with efficient court room proceedings and are wasteful of judicial resources.[7] Compare *Masiello* v. *Perini Corp.*, 394 Mass. 842, 850 (1985) ("Judges have the

---

common law and by statute. See *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 372-373 (1927); G. L. c. 185, § 25A; G. L. c. 185C, § 3.

[6]We are aware that, in some instances, courts have used their inherent powers to dismiss the offending attorney's case or to order his client to pay costs. The better rule appears to be to "save the action for the client and impose a penalty directly on the attorney." *Beit* v. *Probate & Family Ct. Dept., supra* at 860 n.11. See Annot., Authority of Trial Judge to Impose Costs or Other Sanctions Against Attorney Who Fails to Appear at, or Proceed With, Scheduled Trial, 29 A.L.R. 4th 160 (1984 & Supp. 1998).

A judge's inherent powers may also permit an assessment of the opponent's counsel fees against the offending attorney. See *Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 765 (1980), recognizing the inherent power of Federal courts to assess such fees "in narrowly defined circumstances."

[7]For a comprehensive discussion of summary assessment practices in other jurisdictions see Note, Financial Penalties Imposed Directly Against Attorneys

authority and discretion to discourage [use of disqualification motions as harassment and dilatory tactics] through the imposition of costs").

An attorney required to pay costs must be given "fair notice and a reasonable opportunity to be heard." *Beit* v. *Probate & Family Ct. Dept.*, *supra* at 860. Fair notice may vary in the circumstances, from timely announcements in open court to publication of formal rules or standing orders.[8] A reasonable opportunity to be heard need not involve a separate or formal hearing, but the record must reflect that the party ordered to pay costs was given an opportunity to contest the assessment. Also, the judge should enter a brief recitation of the reason and financial basis for the assessment. In all such cases, assessment of costs reasonably must relate to the resources wasted or unnecessarily expended as a result of the attorney's conduct. These costs need not be precisely determined, and may be approximated. Essentially nominal assessments may be treated as presumptively reasonable in amount.

While a summary contempt judgment was not warranted in the circumstances, the defendant received fair notice of the judge's order and an opportunity to be heard as to her reasons for noncompliance. We cannot say that the judge's rejection of her excuse was an abuse of discretion or that the essentially nominal assessment of fifty dollars was unreasonable in terms of the waste of the court's time caused by the defendant. Accordingly, we reverse the judgment and set aside the finding of summary criminal contempt. We affirm the order to pay fifty dollars as a reasonable assessment of costs.

*So ordered.*

---

in Litigation Without Resort to the Contempt Power, 26 U.C.L.A. L. Rev. 855, 869-892 (1979).

[8]We observe one example of promulgation of such an order in District Court Standing Order 1-83 (1983), entitled "Civil Pretrial Procedure" (applicable to the Clinton Division), which provides, in relevant part: "The court may award costs against any party or attorney whose unjustified absence or lack of preparation prevented the conduct of a pretrial conference."