## LINCOLN O. CLARK vs. DUNCAN CLARK & another,[1] guardians.[2]

No. 97-P-2257.

Essex. May 11, 1999. - September 16, 1999.

Present: KASS, PORADA, & LENK, JJ.

*Probate Court,* Guardian, Incompetent person, Judicial discretion, Jurisdiction, Notice. *Judge. Practice, Civil,* Disqualification of judge, Judicial discretion, Findings by judge, Costs. *Jurisdiction,* Probate Court. *Attorney at Law,* Assessment of costs.

A Probate and Family Court judge did not err in dismissing a petition for removal of guardians, where the judge's findings and conclusions were supported by the evidence and were not clearly wrong, and no other reason appeared on the record to warrant vacating the dismissal. [738-740]

A judge of the Probate and Family Court correctly allowed guardians' petition under G. L. c. 204, § 13, for authorization to compromise a claim for payment of foreign government bonds, and there was no merit to a claim that the Probate Court was without jurisdiction to give such authorization. [740-741]

A judge of the Probate and Family Court did not abuse his discretion in declining to recuse himself in assessing costs against a party and the party's attorney. [741-743]

A judge of the Probate and Family Court did not err in awarding costs against a party under G. L. c. 215, § 45. [743]

A judge of the Probate and Family Court did not err in awarding costs or sanctions against a party's attorney for the attorney's behavior at trial that impeded the efficient administration of the litigation, where the attorney received fair notice and an opportunity to be heard; however, the matter was remanded for reassessment of the amount of the sanction, to be determined in proportion to the resources wasted or unnecessarily expended due to the attorney's conduct. [743-745]

PETITION for guardianship filed in the Essex Division of the Probate and Family Court Department on June 23, 1994.

Petitions for removal of guardians and to compromise a debt

---

[1]Louisa Burbank.

[2]Of the estate of Elizabeth R. Clark.

filed on December 29, 1995, and April 24, 1997, respectively, were heard by *John C. Stevens III*, J., and a motion to assess costs and expenses was heard by him.

*Bryan J. Kerman* for Lincoln O. Clark.

*Shirley M. Kerman,* pro se.

*Christian Colwell* for Duncan Clark & another.

PORADA, J. This action arises out of an acrimonious dispute among siblings culminating in the filing of a petition by one of the siblings, Lincoln Clark (Lincoln), to remove his brother and sister, Duncan Clark and Louisa Burbank (guardians), as the guardians of their mother, Elizabeth Clark. A Probate Court judge denied the petition. The same judge also allowed a petition of the guardians to compromise a debt due their mother from the Bolivian government arising out of her ownership of 300 bonds issued by that government. Lincoln appeals from both judgments and an order assessing costs against him. His attorney, Shirley M. Kerman, appeals from the judge's order imposing sanctions against her for her conduct during the trial. We affirm the judgments and the order imposing costs upon Lincoln but vacate the assessment of attorney fees and costs against his attorney and remand that matter to the Probate Court for further proceedings.

With respect to the issues raised by Lincoln, we address only those claims of error that are adequately presented — i.e., with the reasons therefor and citations to authorities and parts of the record relied upon in compliance with Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).[3]

1. *The petition for removal.* Lincoln argues that the decree dismissing his petition must be vacated because the ward did not receive notice of the petition; the judge failed to appoint counsel for the ward; the judge should have recused himself because of bias; and the judge's findings were not supported by the evidence and were clearly erroneous. There is no merit to Lincoln's contention that the ward did not receive notice of the proceeding. The obligation to give notice to the ward was

---

[3]Lincoln raises a number of issues in his brief that he fails to develop in his argument, namely the denial of the motion for removal of the guardians' attorney, the judge's determination that Lincoln had abandoned his petition to remove the guardians by his attorney's walking out of the court room without notice or permission, and the judge's imposition of time limits on the parties' examination of witnesses. We deem those issues waived based on Lincoln's failure to comply with Mass.R.A.P. 16(a)(4).

imposed upon Lincoln as the petitioner under G. L. c. 201, § 33, and the record discloses his attorney did serve notice upon the ward. There is also no reason to vacate the decree because counsel was not appointed for the ward. Although the judge had the discretion to do so, there was no need where the judge had appointed a guardian ad litem to investigate the merits of the petition and Lincoln waited until the first day of trial to make the request even though the petition had been pending for sixteen months.

We also reject Lincoln's contention that the judge erred in denying his motion for recusal. The motion was filed on May 7, 1997, and questioned the judge's impartiality based upon the judge's rushing the case to trial; the denial of Lincoln's motion for removal of the guardians' attorney; the denial of Lincoln's requested appointment of a disinterested guardian ad litem; and the failure to afford Lincoln's attorney a full hearing on motions for the removal of the guardians' attorney and appointment of a guardian ad litem. Whether a judge should recuse himself when his impartiality has been questioned is left to the sound discretion of the judge. *Demoulas* v. *Demoulas Super Markets, Inc.*, 428 Mass. 543, 546 & n.5 (1998). The mere fact that a party suffers adverse rulings during litigation does not establish lack of judicial impartiality. *Foley* v. *Foley*, 27 Mass. App. Ct. 221, 222 (1989). Here, there is nothing in the record to demonstrate an abuse of discretion by the judge in his denial of the motion. Indeed a judge should resist such motions when there is no other apparent reason therefor. *Police Commr. of Boston* v. *Municipal Ct. of the W. Roxbury Dist.*, 368 Mass. 501, 508 (1975).

Lincoln next argues that the judge's findings are not supported by the weight of the evidence and that certain of his findings are clearly erroneous. Lincoln overlooks that the weight and credibility of the evidence lie within the province of the trial judge. Our task on appeal is limited solely to determining whether the judge's findings were plainly wrong. *Heinrich* v. *Silvernail*, 23 Mass. App. Ct. 218, 223 (1986).

Lincoln's case rested on allegations that the guardians had used the ward's money for their own personal benefit, had failed to pursue other assets belonging to their ward (namely additional Bolivian bonds in the possession of their brother Wayne Clark), and had incurred needless legal expenses. The judge found that the guardians had not acted unreasonably in not pursuing

recovery of other Bolivian bonds in the light of evidence that those bonds had been given to their brother Wayne by their mother,[4] that the guardians had not abused their trust in paying a guardian ad litem's bills and hiring counsel, and that there was no evidence that they had not acted in their mother's best interests. Lincoln also challenged certain specific findings made by the judge. Based upon our review of the evidence, we conclude that those specific findings and ultimate conclusions reached by the judge are not plainly wrong.

2. *Petition to compromise.* The guardians brought a petition seeking authorization to compromise their demand for payment of 300 Bolivian bonds by opting into a class action suit against the Bolivian government brought by other owners of Bolivian bonds in the United States District Court for the District of Columbia. In that suit the parties had agreed to settle their claim against the Bolivian government for one-third of the face value of the bonds. The guardians had until July 3, 1997, to file their claim in that action or they would have to proceed separately against the Bolivian government. Lincoln opposed the petition on the grounds that the ward had not received notice of the petition, the judge had refused to appoint independent counsel for the ward, and the Probate Court lacked jurisdiction to compromise the debt under G. L. c. 204, § 14.

There is no merit to Lincoln's claim that the petition had to be dismissed based on Lincoln's claim that the ward had not received notice of the petition or the judge's failure to appoint independent counsel. Because Lincoln did not argue lack of notice to the ward in the Probate Court, we deem that issue waived. Cf. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977). In any event, the guardians were proceeding under the provisions of G. L. c. 204, § 13, and there is nothing in that section requiring notice to the ward. The claim that independent counsel should have been appointed for the ward also fails because the appointment lay within the discretion of the judge, see *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 4)*, 424 Mass. 476, 478-479 (1997), who had already appointed a guardian ad litem for purposes of investigating whether the ward owned other Bolivian bonds other than the 300 bonds listed in the guardians' inventory.

---

[4]There was also evidence that prior to the commencement of this action all parties had entered into a settlement agreement which included a release of all claims against Wayne Clark by the ward's estate.

We also reject Lincoln's claim that the Probate Court lacked jurisdiction over the petition. Lincoln argues that the compromise of the debt due from the Bolivian government by the guardians is governed by the procedures set forth in G. L. c. 204, § 14, which Lincoln contends requires an agreement in writing among all interested parties. Section 14 reads in pertinent part as follows:

> "[T]he probate court may authorize [a] . . . guardian . . . to adjust by arbitration or compromise any controversy or question as to the administration . . . of the estate in his possession, or as to his accounting therefor, or as to any matter relating to said estate . . . to which arbitration or compromise, in the form of an agreement in writing, such . . . guardian . . . and all others persons in being and of full age and not under guardianship . . . whose interests will, in the opinion of the court, be affected by the proposed arbitration or compromise, shall be parties."

The judge ruled that the guardians need not satisfy the prerequisites of § 14, for their petition was governed by G. L. c. 204, § 13, which provides:

> "The probate court may authorize an executor, administrator, guardian, conservator, receiver, commissioner or other fiduciary officer appointed by it, or a trustee, to adjust by arbitration or compromise any demand in favor of or against the estate by him represented."

While there appears to be no law clearly defining the difference between § 13 and § 14, it is generally recognized that § 13 deals with simple pecuniary claims of contract or tort and § 14 deals with multiple-party controversies of the sort that lend themselves to petitions for instructions. 1 Newhall, Settlement of Estates and Fiduciary Law in Massachusetts § 2:7, at 62 n.59 (5th ed. 1994). As the judge properly recognized, the guardians were dealing with a simple pecuniary claim owed by the Bolivian government to the ward. As such, a petition could properly be brought under § 13.[5]

3. *Motion for costs and sanctions.* After the trial was abruptly

---

[5]As the judge also recognized, a petition to compromise the debt could have been brought under the provisions of G. L. c. 201, § 37, which provides in pertinent part as follows: "A guardian . . . shall settle all accounts of his

terminated on May 14, 1997, when Lincoln's attorney without notice left the court room without leave, the judge issued notice on that date that he would hold a hearing on June 2, 1997, to determine whether costs should be assessed against any party for needless expenditure of the ward's funds. At the same time, the judge issued notice to Lincoln's attorney that he would hold a hearing on that date to determine whether costs and sanctions should be assessed against her because of her conduct prior to and during the trial and whether her conduct may have resulted in·the needless expenditure of the ward's estate for legal fees and expenses. At the hearing, Lincoln's counsel again requested that the judge recuse himself and objected to the hearing on the ground that it was premature because the trial had not yet concluded. Upon the judge's denial of the motion for recusal and his informing Lincoln's counsel that the trial had ended when she abandoned the proceeding by walking out of the court room on May 14, leaving her client on the stand, Lincoln and his attorney left the hearing. Based on the affidavits and representations of the guardians' counsel, the judge determined that Lincoln and the guardians should each pay one-half of the guardian ad litem's and discovery master's fees. The judge also determined that Lincoln's attorney should pay to the ward's estate a monetary sanction in the sum of $11,805.50 for the needless legal expense incurred by the estate as a result of her abandonment of the proceeding on the third day of trial and her disrespectful behavior during the course of the trial to opposing counsel and the court. The judge also determined that she should reimburse the guardians a total of $2,218.20 for needless expenses incurred by them as a result of her behavior.

On appeal, both Lincoln and his attorney argue that the motion for costs and sanctions should be vacated because the judge should have recused himself and the judge erred in awarding costs without the plaintiff having rested or the trial having properly concluded. Lincoln's attorney also claims that the judge could not assess costs or sanctions against her. She claims that costs against an attorney for a party are not allowed under G. L. c. 215, § 45, and that sanctions could not be imposed because the judge failed to follow the prescribed procedures for civil or criminal contempt. We address those claims.

ward and demand, sue for and receive all debts due to him or, with the approval of the probate court, may compromise the same and give a discharge to the debtor."

The judge did not err in denying the motion to recuse himself. The motion was again based on Lincoln's and his attorney's claim that the judge lacked impartiality based on his rulings prior to and during the trial. As noted, the determination of recusal is left to the judge's sound discretion. See *Lena* v. *Commonwealth*, 369 Mass. 571, 575 (1976). See also S.J.C. Rule 3.09, Canon 3(C)(1)(a), as appearing in 382 Mass. 811 (1981). Based on the record before us, we do not think that the judge abused his discretion in determining that he was free of disabling prejudice and in viewing the motion as another attempt by the attorney to intimidate and manipulate the court.[6]

The judge also did not err in awarding costs against Lincoln even though the judge abruptly ended the trial when Lincoln's attorney walked out of the court room without Lincoln having rested or completed his testimony. Lincoln argued that the award of costs violated an order by another judge that the guardians' motion for costs would be decided at trial. Apart from the question whether the trial judge was correct in ruling that Lincoln's attorney's action constituted an abandonment of the proceeding resulting in the termination of the trial, an issue which we conclude was waived by the failure of his attorney to develop this issue in her argument, Lincoln's argument overlooks the fact that in a contested proceeding under G. L. c. 215, § 45, a judge may award costs at any time in any pending proceeding, original and subsidiary. *Hayden* v. *Hayden*, 326 Mass. 587, 595 (1950), citing *Untersee* v. *Untersee*, 299 Mass. 417, 424 (1938). Here, the only costs awarded against Lincoln were one-half the expenses incurred for the services of a guardian ad litem and a discovery master. The judge did not err in doing so.

Lincoln's attorney's argument that the award of costs or sanctions against her was improper either as costs under G. L. c. 215, § 45, or as sanctions for contempt, overlooks that a judge has the inherent power to impose reasonable court costs on an attorney who delays adjudication and squanders limited judicial resources. *Beit* v. *Probate & Family Ct. Dept.*, 385 Mass. 854, 859-860 (1982). *Commonwealth* v. *Rogers*, 46 Mass. App. Ct. 109, 112 (1999). If a judge chooses to do so, he or she

---

[6]At the time the judge ruled on the motion for recusal, Lincoln's attorney had filed a complaint against the judge with the Judicial Conduct Commission. It is not clear from the record whether the judge was aware of the complaint at the time of his ruling, and Lincoln's attorney made no mention of the fact at the hearing on June 2 that she had indeed filed a complaint.

must give the attorney fair notice and the opportunity to be heard, and must set forth the reasons and financial basis for the assessment. *Id.* at 113. Here, there is no question that the judge did, indeed, give fair notice and the opportunity to be heard. The judge also set forth as his reasons for doing so the bombastic behavior of the attorney during the trial, including disparaging remarks about her opposing counsel and the judge,[7] and her walking out of the court room during the cross-examination of her client without permission after having been warned by the court that such conduct could result in criminal contempt proceedings being instituted against her. The judge was correct in determining that such conduct impeded the efficient administration of this litigation and that sanctions were warranted. In his choice of remedy, however, he was required to tailor the assessment of costs to the resources wasted or unnecessarily expended and to set forth the financial basis for his assessment. *Ibid.* Out of a total of $40,769.69 in attorney's fees and $11,160.47 in guardian expenses, the judge assessed $11,805.50 in attorney's fees and $2,218.20 of the guardian expenses as needless expenses. Absent from his findings is an explanation of how he arrived at those sums. Ordinarily, we would remand for his explanation of his findings. However, the judge has now recused himself from hearing any further matters in this case. On its face, the award appears excessive and, thus, plainly wrong. *Heinrich* v. *Silvernail,* 23 Mass. App. Ct. at 223.

As noted, the amount must be limited to the resources wasted or expenses incurred needlessly. In this case, when the attorney walked out of the trial on the third day, only one-half day remained of the three days the judge allotted for the trial. The guardians' counsel indicated that he intended at that time to call three witnesses for the defense in the time remaining. Thus, the guardians incurred unnecessarily counsel fees and expenses for the preparation and presentation of the defendant's case in the time remaining. In addition, during the third day of trial valuable time was lost in at least one recess being taken in order for the attorney to compose herself; in continuous and repeated challenges to the judge's impartiality; and in disrespectful remarks to opposing counsel and the judge. While we do not condone the behavior of Lincoln's counsel in this case, which

---

[7]An example of Lincoln's attorney disparaging remarks were her characterization of opposing counsel as a "shyster" and a "bald-faced liar" and the judge as biased, prejudiced, and doing a disservice to justice.

at times was both inappropriate and unprofessional, we conclude that the amount of the sanctions imposed was not commensurate with the waste of judicial resources or needless legal expense incurred on the record presented. This is particularly true because the judge did not conclude that the petition was without merit and where, even though he indicated that the action was abandoned, the judge did not simply dismiss the action but made findings and ultimate conclusions on the merits of the case, treating the action as one in which the plaintiff had rested. In light thereof, we think the order for sanctions against the attorney must be vacated and remanded for a hearing before another judge for a determination of the sanctions — in dollar terms — to be imposed.

We express our views on two other troubling aspects of this case. One is the judge's determination that Lincoln's attorney abandoned the trial when she walked out of the trial without permission after having been warned that this action would result in the initiation of contempt proceedings. Although we can well understand the judge's exasperation with counsel at that moment, he did have other options open to him, including the initiation of contempt proceedings. While we have declined to take discretionary review of this claim of error because of Lincoln's failure to develop this issue in his brief in accordance with our appellate rules, we again remind trial judges that a judge should avoid punishing a litigant for his attorney's errors, when less drastic measures are available. See *Commonwealth* v. *Sena*, 429 Mass. 590, 596 (1999).

Second is the judge's allocation of time limits for each party's presentation of his case resulting in the judge's implementation of this order by restricting Lincoln's right of cross-examination. Here again, Lincoln has faltered in failing to develop this issue in his brief.[8] As a result, we have declined to exercise our discretionary review, particularly as we are not persuaded, based on the findings and conclusions reached by the judge in this

---

[8]When the judge set the time limits in this case, early in the trial, neither party raised an objection. Lincoln's objection was raised on the third day of trial after being told the allotted time had expired and cross-examination of three prospective defense witnesses would not be permitted. Because we have concluded that Lincoln waived this issue because of his failure to develop the claim of error in his argument other than by stating it as an issue, we need not decide whether he had acquiesced in the judge's imposition of the time limits. Cf. *Chandler* v. *FMC Corp.*, 35 Mass. App. Ct. 332, 338-339 (1993). See *Guardianship of Brandon*, 424 Mass. 482, 493-494 (1997) (parties stipulated

case, that the result on retrial would be any different. A judge, as the guiding spirit and controlling mind of the trial, should be able to set reasonable limits on the length of a trial. This includes the right to set reasonable limits on the length of the direct and cross-examination of witnesses. *Chandler* v. *FMC Corp.,* 35 Mass. App. Ct. 332, 338 (1993). The limits, however, should not be such that a party is prevented from presenting its entire case to the fact finder. *Goldman* v. *Ashkins,* 266 Mass. 374, 380 (1929). The preclusion of cross-examination of a witness has that effect for it deprives the fact finder of a valuable tool in ascertaining the facts having the probative force on the issues. *Chandler* v. *FMC Corp.,* 35 Mass. App. Ct. at 338. Such a step is also unnecessary because the judge has the ability to see that the cross-examination progresses without repetitious and irrelevant inquiries. *Goldman* v. *Ashkins,* 266 Mass. at 380. We, therefore, remind judges that in imposing time limits in a civil trial, the limits set must not be arbitrary or preclude cross-examination in its entirety of any witness, and that once time limits have been set it becomes the obligation of the judge to ensure that the trial marches forward without the parties engaging in repetitious and irrelevant examination. *Ibid.*

In sum, we affirm the judgments dismissing the petition to remove the guardians and allowing the petition to compromise. We also affirm the order imposing costs on Lincoln but vacate the order of the court imposing sanctions on Lincoln's attorney and remand that matter for a hearing before a different judge to determine anew the assessment of sanctions consistent with the views expressed herein.

*So ordered.*

to time limits to be imposed on expert witness and lodged no objection to the imposition of the time limits imposed).