# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

---

KATHLEEN AVELINO-WRIGHT *vs*. MICHAEL E. WRIGHT.

No. 99-P-129.

Middlesex. November 14, 2000. - February 15, 2001.

Present: PORADA, LENK, & DUFFLY, JJ.

*Attorney at Law,* Assessment of costs. *Probate Court,* Costs, Notice, Judicial discretion. *Notice. Practice, Civil,* Costs, Judicial discretion, Disqualification of judge. *Judge.*

In a divorce proceeding, the probate judge did not abuse her discretion in imposing sanctions on a party's attorney, and where the sanctions did not amount to criminal contempt, the attorney was entitled to no more than fair notice and the opportunity to be heard. [4-6]

In the circumstances of a probate judge's imposition of sanctions on an attorney for her conduct in the course of divorce proceedings, the attorney was given adequate notice of the charges against her, but was not afforded . an adequate opportunity to respond to the judge's allegations; the matter was remanded for further hearing. [6-8]

In a proceeding in which a probate judge imposed sanctions on an attorney who had appeared in a divorce action, the judge did not abuse her discretion in denying the attorney's motion for recusal. [8]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on October 31, 1991.

The case was heard by *Sheila E. McGovern*, J.; a motion for judicial recusal was heard by her; and an order imposing attorney's fees was entered by her.

*Elizabeth R. Lewis & Herbert D. Lewis* for Elizabeth R. Lewis.

*Janet M. Donovan*, for the plaintiff, submitted a brief.

PORADA, J. Attorney Elizabeth R. Lewis appeals from an order of a Probate Court judge requiring her to pay $7,500 of the wife's attorney's fees as a sanction for her misconduct while acting as the husband's attorney in a divorce proceeding. Ms. Lewis argues that the order must be vacated because the judge imposed sanctions upon her without adequate notice or an adequate hearing. She further argues that the judge's allegations against her were in the nature of an indirect criminal contempt and the judge failed to follow the prescribed procedures for a criminal contempt proceeding. Finally, she contends the judge erred in denying a motion for her recusal. We vacate the order imposing the sanctions upon Ms. Lewis and remand the matter for further proceedings for the reasons set forth herein.

We recite the procedural background that resulted in the award of sanctions. The wife commenced a divorce action against the husband on October 31, 1991. Ms. Lewis entered her appearance for the husband on July 20, 1992. In December, 1993, the judge who had handled the divorce action until then informed the parties that Judge McGovern would henceforth preside over the action. On January 14, 1994, a pretrial conference was held by Judge McGovern, who ordered that, thereafter, no motions or requests for a hearing could be filed without her permission. As of that date, the husband had filed approximately eighty-eight motions or requests for relief and the wife had filed approximately thirty-three motions or requests for relief. Also, as of that date, the court had held some twenty-six hearings in this action, eighteen of which were requested by the husband. The husband had also commenced three other actions in other courts against his wife, the court-appointed attorney for the parties' child, and his wife's attorney. The trial of the divorce action began in February, 1994, and was tried on divers dates thereafter until April, 1994, when the judge terminated the proceeding. In February, 1995, Judge McGovern issued a seventy-two page decision granting the wife a divorce and

custody of the parties' son. In her findings, the judge stated that
Ms. Lewis had "exacerbated these proceedings and abused the
court process by:

"(a) directing her client not to cooperate with the
G[uardian] A[d] L[item], which she acknowledged in
Court;

"(b) undermining the legal process and challenging the
integrity of the judges and appointed experts who may not
agree with her positions;

"(c) becoming so enmeshed with her client that she has
lost her professionalism in advocating for a client. She has
made the husband's tirade a crusade of hers as well. Her
conduct has resulted in her being specifically restrained
from participating in the scheduled visitations or attending
functions or birthday parties in the presence of [the par-
ties' son];

"(d) making a mockery of this legal proceeding by fil-
ing so many vexatious and harassing motions, so many
motions for reconsideration, vacating, review, etc., such
constituting an egregious abuse of the court system[;]

"(e) not attempting to exercise proper control and guid-
ance of her client; and

"(f) violating the court imposed restraining order against
her by having [the son] at her home on Christmas and go-
ing out to dinner with the husband and [the son] on the·
last day of the trial, knowing full well that the restraining
order against her direct involvement with [the son] had not
been lifted."

After setting forth those findings in her decision, the judge
discussed the wife's request for counsel fees. The judge
determined that sixty percent of the wife's counsel fees were
unnecessarily expended and "occasioned by the husband and
[Ms. Lewis's] obsessive approach." The judge then ordered the
husband to pay $32,000 and Ms. Lewis to pay $7,500 of the
wife's attorney's fees.

The husband appealed from the judgment but subsequently

withdrew his appeal. Ms. Lewis did not appeal, but made no payments under the court order. The wife filed a complaint for contempt against her for failure to comply with the court order. Ms. Lewis filed a motion to dismiss on the ground that prior to the court's imposition of this sanction she was given no notice or a hearing. The judge allowed the motion and deleted from the judgment the order requiring Ms. Lewis to pay counsel fees "pending resolution of posttrial motions." The judge sua sponte gave notice that a hearing would be held on May 6, 1996, ostensibly to deal with whether sanctions should be imposed upon Ms. Lewis.[1] Prior to the May 6 hearing date, Ms. Lewis filed a request for a pretrial conference and a motion for discovery. Those requests were denied by the judge, who advised Ms. Lewis that the basis for the imposition of sanctions was contained in her findings of fact, specifically those recited above. On May 6, a hearing was held in which Ms. Lewis requested that the judge recuse herself on the ground of bias based upon some of the judge's findings, the judge's alleged close relationship with the Probate Court judge who had handled preliminary matters in the divorce action prior to January 14, 1994, and the judge's alleged close relationship with the attorney who had been appointed to represent the child and that attorney's sister. Ms. Lewis also contended that the judge's allegations against her were in the nature of a criminal contempt proceeding requiring certain constitutionally protected procedures to which she was entitled and of which she had been deprived. In the course of the hearing, the judge took a recess. After the recess, the judge informed the parties that she wanted to think over the matters raised by Ms. Lewis and would continue the case for a further hearing. Although there was some discussion between the judge and the parties about a possible date for the next hearing, another hearing did not take place. Instead, on September 10, 1997, the judge issued a decision reimposing the sanction of $7,500 in attorney's fees against Ms. Lewis.

We address first Ms. Lewis's claim that the judge's findings regarding Ms. Lewis's conduct were of such a degree and nature that they amounted to a charge of criminal contempt requiring certain constitutional protections, see *Furtado* v. *Furtado*, 380 Mass. 137, 142-144 (1980), that were not followed by the trial

---

[1] From the record before us, it does not appear that there were any posttrial motions pending before the court at that time.

judge. There is no question that both the power to sanction and the power of contempt are derived from the same source, namely the inherent power of a court to do what is necessary to secure the administration of justice. *New England Novelty Co.* v. *Sandberg,* 315 Mass. 739, 746, cert. denied, 323 U.S. 740 (1944). *Beit* v. *Probate & Family Ct. Dept.,* 385 Mass. 854, 859 (1982). As such, the same act that obstructs or degrades the administration of justice or derogates from the authority and dignity of the court may well be punishable either by contempt or by sanctions. *Id.* at 859-862 & nn.12-13. Here, Ms. Lewis contends that the judge's findings amount to a charge of an indirect criminal contempt. An indirect criminal contempt is one that occurs outside the presence of the court and may consist either of a wilful and knowing disobedience of a court order, *Furtado* v. *Furtado,* 380 Mass. at 145, or an act which either flouts the authority and dignity of the court or obstructs and impedes the administration of justice. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 433 (1943). It must be initiated by a complaint, and the alleged contemnor is entitled to all the constitutional protections afforded criminal defendants. *Furtado* v. *Furtado,* 380 Mass. at 142. Mass.R.Crim.P. 44, 378 Mass. 920 (1979). Its purpose is exclusively punitive in nature. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 373 (1927). Any fine assessed must be payable to the State treasurer. G. L. c. 280, § 2.

A sanction may likewise be imposed for a disobedience of a court order, *Beit* v. *Probate & Family Ct. Dept.,* 385 Mass. at 859; *Commonwealth* v. *Rogers,* 46 Mass. App. Ct. 109, 112-113 (1999), or for conduct that flouts the authority of the court or obstructs and impedes the orderly course of a legal proceeding. *Clark* v. *Clark,* 47 Mass. App. Ct. 737, 743-744 (1999). The imposition of sanctions does not entitle the offender to the full panoply of rights afforded criminal defendants. All that is required is that the offender be given fair notice of the charges and a reasonable opportunity to be heard. *Beit* v. *Probate & Family Ct. Dept.,* 385 Mass. at 862. Unlike the use of the criminal contempt power, the purpose of sanctions is designed not only to punish but also to compensate the aggrieved litigant for the actual loss incurred by the misconduct of the offending party. *Clark* v. *Clark,* 47 Mass. App. Ct. at 744-745. Any monetary award, however, should be tailored to the resources wasted or unnecessarily expended as a result of the misconduct. See *Commonwealth* v. *Rogers,* 46 Mass. App. Ct. at 113. Here,

although one or more of the judge's findings may have warranted the initiation of a criminal contempt proceeding, the judge did not purport to use her contempt power. Rather, she chose to exercise her power to sanction Ms. Lewis. In doing so, we decide the judge did not abuse her discretion. Ms. Lewis was, thus, not entitled to all the panoply of constitutional rights afforded criminal defendants, but she was entitled to fair notice of the charges against her and the opportunity to be heard. *Beit* v. *Probate & Family Ct. Dept.*, 385 Mass. at 861-862.

We now address Ms. Lewis's claims that she did not receive adequate notice or an adequate hearing. It is undisputed that, at the time of the judge's decision in the divorce proceeding, the judge erred in assessing sanctions against Ms. Lewis without notice and without a hearing. However, there is no question that at the time of the hearing on May 6, 1996, Ms. Lewis had adequate notice of the charges against her. At that time, she was aware of the judge's allegations against her, which were set forth in the judge's findings of fact in the divorce action. Further, not only were those charges repeated as the basis for sanctions, but they were further elucidated in the judge's order on the motion to dismiss the contempt complaint dated February 7, 1996. Cf. *Beit* v. *Probate & Family Ct. Dept.*, 385 Mass. at 862. Finally, in the judge's order of April 29, 1996, the judge gave Ms. Lewis notice that the judge's reasons for considering sanctions were contained in her original findings of fact in the divorce action, specifically but not limited to those findings relating to counsel fees, and in her findings and rulings on the motion to dismiss the contempt complaint. Further, we conclude that Ms. Lewis's claim that the notice of the charges against her was inadequate is undermined in part by her argument to the court at the May 6, 1996, hearing, and in part by the two affidavits filed by her in the contempt proceeding in which she attacked the very same allegations against her in the judge's findings of fact.

Although we conclude that Ms. Lewis had fair notice of the charges against her, we are of the opinion that the hearing of May 6, 1996, was truncated without giving Ms. Lewis an adequate opportunity to respond to the charges against her. At the hearing on May 6, 1996, Ms. Lewis filed a motion to dismiss, motion to vacate and/or motion for judgment on the pleadings, and a motion requesting the judge to recuse herself. The judge had not seen those motions prior to that date. As a

result, the focal point of the hearing became the recusal of the judge from the proceeding rather than Ms. Lewis's responses to the judge's findings against her. After the judge indicated that she would need some time to think about whether the proceeding was analogous to a contempt proceeding requiring her recusal or simply one for sanctions, the judge recessed the hearing and advised the parties that the hearing would be continued to another date, of which they would be notified. Without a further hearing, the judge issued a decision on September 10, 1997, reimposing the sanctions of $7,500 contained in the divorce judgment against Ms. Lewis.

While the judge is correct in noting in her order of September 10, 1997, that Ms. Lewis was provided with the opportunity to respond to the allegations against her at the May 6 hearing but instead chose to argue that the judge had wrongfully invoked her power of contempt, the judge nevertheless did not expressly call upon her to do so even when the wife's counsel respectfully suggested that Ms. Lewis be requested to do so. Further, Ms. Lewis was entitled to raise the issue of the judge's recusal and the judge's use of the power of contempt at that hearing. In any event, Ms. Lewis may well have been misled by the judge's action of recessing the hearing and continuing the hearing to another date based on the judge's need to resolve the issue whether the proceeding was analogous to contempt and would warrant her recusal. As a result, we are of the opinion that the matter must be remanded to the Probate Court to give Ms. Lewis an opportunity to respond to the judge's allegations. After the hearing, the judge may decide not to impose sanctions or to impose sanctions in whatever amount she considers reasonably related to any squandering of judicial resources or needless legal expenses incurred.[2] *Beit* v. *Probate & Family Ct. Dept.,* 385 Mass. at 859-860. *Commonwealth* v. *Rogers,* 46 Mass. App. Ct. at 113. If the judge does assess sanctions, the judge should take care to articulate the reason or reasons for the as-

---

[2]Ms. Lewis argues that the trial judge's power to impose sanctions for her alleged misconduct is limited to conduct that occurred while the judge was in charge of the case. Apart from the fact that the judge who presided over the action in its early stages is now disqualified from any action she might have taken in this case, the trial judge is entitled to assess the attorney's performance based on the record of the case before her. The judge's detailed findings of fact demonstrate her acute awareness of all the proceedings in this case and her assessment of sanctions need not be limited in this matter to the attorney's conduct that occurred on her watch.

sessment and to explain how the amount was established. *Clark v. Clark*, 47 Mass. App. Ct. at 744.

Finally, we address Ms. Lewis's motion for recusal. The motion was based primarily on the grounds that the judge was biased against Ms. Lewis based on her findings and rulings in the divorce action and based on her close relationship with the judge who had handled the divorce action prior to January 14, 1994, and with the attorney appointed to represent the child of the parties in the divorce action, as well as that attorney's sister. The determination of recusal is left to the judge's sound discretion. See *Lena* v. *Commonwealth*, 369 Mass. 571, 575-576 (1976); *Demoulas* v. *Demoulas Super Mkts., Inc.*, 428 Mass. 543, 546-547 & nn.5-6 (1998). See also S.J.C. Rule 3:09, Canon 3(C)(1), as appearing in 382 Mass. 811 (1981). Based on the record before us, we conclude that the judge did not abuse her discretion in denying the motion. On remand, we leave to the judge's sound discretion whether she wishes to recuse herself from further hearings.

In sum, we vacate the order dated September 10, 1997, and remand for a hearing to determine whether sanctions should be imposed upon Ms. Lewis and if so, in what amount.

*So ordered.*