Agnes, A.J.
1. This is a civil action for money damages that was commenced by a verified complaint and a motion for an attachment. The immediate issue of sanctions arises as a result of an order on January 27, 2005, allowing a motion for an ex parte order for an attachment that resulted in the seizure of the defendant Rasamsetti’s automobile.
2. The essential facts are not in dispute and are set forth in great detail in the Memorandum filed by the plaintiff (paper #37). Plaintiffs counsel’s first appearance in connection with the attachment was triggered by attorney Grant who faxed or authorized his client to fax to this court a motion or note on attorney Grant’s letterhead to dissolve the attachment which triggered a prompt hearing which took place on February 18, 2005. On February 18, plaintiffs counsel and in-house counsel appeared, defendant Rasamsetti appeared, but attorney Grant did not appear. The defendant, who was directed to contact his attorney and determine his whereabouts reported that Mr. Grant was busy in another court and told the defendant to handle the matter himself. Plaintiffs counsel was forced to appear in court again on March 1, 2005 as a result of notices sent to the court by attorney Grant who did not appear again. Plaintiffs counsel appeared in court for the third time on March 7, 2005 for a hearing on the defendant’s motion to dissolve the attachment. Once again, the defendant appeared without his counsel. The defendant explained that attorney Grant told him that he could present the matter just as well without the presence of attorney Grant.
3. The response by attorney Grant is that he was simply making an effort to keep his client’s costs to a minimum. This is not sufficient. See Rules of the Supreme Judicial Court, Rule 3:07, Rules of Professional Conduct Rule 3.4(c) (obligation of counsel not to knowingly violate rules of the tribunal). When a lawyer makes contact with the court on behalf of a client and schedules a motion to be heard, the court and opposing counsel have every reason to expect that that lawyer, or another lawyer on his or her behalf will appear. Sending a client to argue a motion while counsel goes to another court is unprofessional conduct. In this case, the conduct of attorney Grant cost the plaintiff money and inconvenienced the court. Here, the conduct of attorney Grant had the effect of delaying the determination of his client’s motion because opposing counsel and the court were understandably reluctant to proceed in a case in which the party was present without counsel.
4.This court has the inherent authority to impose costs and sanctions on an attorney “who delays adjudication and squanders limited judicial resources.” Clark v. Clark, 47 Mass.App.Ct. 737, 743 (1999), citing Beit v. Probate and Family Court Dept, 385 Mass. 854, 859-60 (1982). In exercising this power courts must give the offending counsel fair notice, and an opportunity to respond and must set forth the financial basis for any sanction. Id. at 744. Here, Mr. Grant was given notice and an opportunity to respond and he did so in writing. Taking into account the circumstances as described above, this court imposes a sanction in the amount of $750 for the costs incurred by counsel for the plaintiff as compensation for what the court regards as five hours of counsel’s preparation, travel and in-court time.
ORDER
For the above reasons, attorney Dale Grant is hereby ordered to pay $750.00 to the plaintiff within 10 days of the entry of this order upon the docket. This order is entered without prejudice to any other relief that may be sought by the plaintiff.