NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-684

BOSE M. KEINKEDE

vs.

EMMANUEL M. KEINKEDE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Emmanuel Keinkede (husband), appeals from a judgment of divorce nisi of the Probate and Family Court that entered on August 5, 2024.  We affirm.

We disagree with the husband's contention that the judge's equitable division of property constituted an improper "punitive measure" for his conduct in dissipating marital property.  He appeals from the portion of the divorce judgment that required him to transfer sixty-five percent of his interest in one of two pensions to the wife and further required him to designate the wife to receive a one-hundred percent joint and survivor annuity.  On review of the record, we conclude that the judge considered all the mandatory factors under G. L. c. 208, § 34,

and we discern no abuse of discretion from her detailed and comprehensive findings of fact and conclusions of law on this issue.  See De Felipe v. Suwwan, 106 Mass. App. Ct. 158, 160 (2025) (equitable distribution of property entrusted to judge's discretion will not be reversed unless plainly wrong and excessive).  See also Early v. Early, 413 Mass. 720, 725-726 (1992) (generally discussing judge's options for dividing pension benefits).

Contrary to the husband's claim, the judge did not view his dissipation of marital property in isolation; rather, she viewed it "within the context of the statutory factors governing the equitable division of marital property."  Kittredge v. Kittredge, 441 Mass. 28, 37 (2004).  For example, in nearly one hundred findings of fact that we do not attempt to summarize here, the judge considered numerous factors including the following:  the length of the marriage (thirteen years); the parties' ages, occupations, amount and sources of income, opportunities to acquire future assets and property, skills, and employability (husband age sixty-six with graduate degree earning over $100,000 annually and wife without high school education earning $27,000 annually); the absence of alimony; the health of the parties; the husband's two pensions and the absence of any retirement accounts for the wife; the liabilities and needs of the parties; the acquisition of the marital home;

2

and the husband's clandestine sale of the marital home, spiriting away the net proceeds and other cash assets (exceeding $250,000) to family in Nigeria, and abrupt retirement within about one month of being served with the complaint for divorce. As fully supported by the record, conduct that has harmed the "marital estate may be viewed negatively, and considered as a factor that would diminish that spouse's equitable share of marital property." Kittredge, 441 Mass. at 38. There is no mathematical formula for evaluating these factors. Accordingly, the "appropriate weighing and balancing of the § 34 factors, and the resulting equitable division of the parties' marital property, is left to the judge's broad discretion." Id. at 43. We are satisfied that the judge considered all the relevant factors, and the weight that she assigned to the factors did not fall "outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

We discern no abuse of discretion, and the husband points to no specific error, in the judge apportioning the children's tax dependent status as well as their medical and dental insurance coverage. He cites no legal authority indicating an error and only alleges that the judge could have taken a different approach. To the extent the contention rises to the level of appellate argument, Mass. R. A. P. 16 (a) 9 (A), as appearing in 481 Mass. 1628 (2019), "it is plainly not an abuse

3

of discretion" simply because another judge might reach a different result from a "range of reasonable alternatives." L.L., 470 Mass. at 185 at n.27.

Finally, we disagree with the husband's argument that "the practical realities of a self represented litigant" required the judge to be more forgiving when imposing sanctions including legal fees and costs of an expert. The husband, pro se at trial, failed to appear on the scheduled trial date of April 6, 2023, and the wife's counsel requested that sanctions be imposed. The judge reserved the wife's request for sanctions until the rescheduled trial. One week later, on April 13, the wife filed a motion for attorney's fees and a motion for lost wages resulting from the husband's failure to appear on April 6. At the rescheduled trial on June 5, 2023, the wife, through counsel, made a brief reference in the closing argument to the sanctions: "Wife waited one year for trial only to have [h]usband not appear on April 6th or 7th of this year. . . . Wife renews her motions that she filed on April 13th for counsel fees and lost wages." As a sanction for the husband failing to appear, the judge awarded the wife $279 in lost wages and $3800 for legal fees and the cost of a pension expert.

After "fair notice of the charges and a reasonable opportunity to be heard," a judge may impose a sanction for failing to appear as ordered for a trial date. Avelino-Wright

4

v. <u>Wright</u>, 51 Mass. App. Ct. 1, 5 (2001).  We review the judge's order for an abuse of discretion and discern none.  <u>Wong</u> v. <u>Luu</u>, 472 Mass. 208, 218 (2015).  See <u>Commonwealth</u> v. <u>Jackson</u>, 419 Mass. 716, 719 (1995) ("pro se litigants are held to the same standards as practicing members of the bar").

<u>Judgment of divorce nisi affirmed</u>.

By the Court (Sacks, Hodgens & Toone, JJ.[1]),

Clerk

Entered:  June 15, 2026.

---

[1] The panelists are listed in order of seniority.