SAMUEL GOLDMAN *vs.* NAT T. ASHKINS.

GOLDIE LISKER *vs.* SAME.

Suffolk.    December 14, 1928. — February 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Interrogatories.

The scope of the subjects relating to which interrogatories might be asked under the provisions of G. L. c. 231, § 61, was as broad as the field of inquiry that was open when the party interrogated was called as a witness to testify orally at the trial of the action, except for the limitations which might be imposed under § 63 of that chapter as amended by St. 1922, c. 314.

The only relevant point respecting the substance of interrogatories propounded under the foregoing statute was whether they were reasonably adapted to seek "discovery of facts and documents admissible in evidence at the trial of the case": their validity was not dependent upon the questions whether they were "prepared with particular reference" to or necessitated "thought or labor" touching the action in which they were filed.

Whether interrogatories filed under the foregoing statutes were "stock forms," "mimeographed," "written, dictated or typewritten," or "prepared in large quantities," was not determinative of the right of a party to file them, so long as they were proper in substance and complied with § 7 of the "General Rule as to the Records of the Supreme Judicial and the Superior Courts."

Where it nowhere appeared in the writ or declaration filed in an action of tort for personal injuries, brought by a woman, that she was an unmarried woman, an inquiry, in an interrogatory filed by the defendant under the foregoing statutes, whether the plaintiff was married or single, the date and place of marriage, the number and dates of birth of children, if any, and the name and occupation of her husband, was not as a matter of law irrelevant, nor did it warrant striking the interrogatory from the record.

Statement by RUGG, C.J., of the principles of law determining whether interrogatories filed under the foregoing statutes would warrant the allowance of a motion striking them from the record on the ground that they were immaterial and irrelevant or too voluminous.

If interrogatories filed to an adverse party under the provisions of G. L. c. 231, § 61, are competent and not repetitious or verbose, or objectionable in form or substance, they must be answered although annoying to the party.

Interrogatories, filed under the provisions of the foregoing statutes, should not have been struck from the record on the ground that they were an "unnecessary burden on the court," if they were competent and properly designed to elicit the "discovery of facts . . . admissible in evidence at the trial of the case."

TWO ACTIONS OF TORT. Writs dated November 14, 1927.

Proceedings in the Superior Court relating to interrogatories and a report of the action by *Lummus*, J., are stated in the opinion. In the set of one hundred two interrogatories to the plaintiff Goldman, referred to in the opinion, there were one hundred twenty-two subdivisions, making in all two hundred twenty-four interrogatories; and in the set of eighty-two interrogatories to the plaintiff Lisker, referred to in the opinion, there were ninety-three subdivisions, making in all one hundred seventy-five interrogatories.

*N. F. Hesseltine*, for the defendant.

No argument nor brief for the plaintiffs.

RUGG, C.J. These are actions of tort. According to the writs the plaintiffs are residents of Boston and the defendant is a resident of Minneapolis in the State of Minnesota. There are allegations in each declaration in substance that the plaintiff, while in the exercise of due care and travelling in an automobile on a highway in Danvers in this Commonwealth, was injured through the negligence of the defendant, his servants or agents, in operating an automobile whereby there was a collision and the plaintiff was caused bodily injury,

suffering and loss of time and expenses. There are further allegations in the declaration in the first case, setting out property damage to the automobile of the plaintiff caused by the same negligence. The answer in each case was a general denial with averment of contributory negligence.

The case comes before us on report. The only questions thus presented relate to interrogatories. In the report appears the following statement: "The defendant on May 18, 1928, filed in the Lisker case 82 interrogatories to the plaintiff, and in the Goldman case 102 interrogatories to the plaintiff, and many of the interrogatories were subdivided. These interrogatories were not prepared with particular reference to these cases, but were stock forms prepared for use in any and all automobile accident cases. They were mimeographed, not written, dictated or typewritten, but prepared in large quantities with the intent to file a copy in any and every automobile accident case without any necessity for thought or labor with reference to the particular case in which such copy might be filed. The interrogatories in these cases are made a part of this report by reference. The plaintiff Goldie Lisker is an unmarried woman about twenty-two years old, and there is no suggestion in the record, and there was none at the hearing, that she ever had borne a child. No fact, not appearing in this report, tending to show the materiality of any of these interrogatories, was suggested at the hearing. Notice of the filing of such interrogatories, accompanied by copies of the interrogatories, was given by the defendant to the attorney of record for the plaintiffs. No answers thereto were filed within ten days thereafter or at any time. On July 10, 1928, the defendant moved to nonsuit the plaintiffs for failure to answer the interrogatories, and on July 17, 1928, the plaintiffs moved to strike from the record the defendant's interrogatories, on the grounds [a] that 'most of said interrogatories are immaterial and irrelevant; [b] that they are a socalled stock set; [c] are too voluminous; and [d] that they are intended to harass and annoy the plaintiff; [e] and that said interrogatories place an unnecessary burden upon this court.' After hearing, on July 23, 1928, I denied the defendant's motions and granted the motions of the plain-

tiffs, with leave to the defendant to interrogate anew, and the defendant duly excepted. Being of opinion, especially in view of the increasingly common use of such voluminous stock sets of interrogatories, that my interlocutory order denying the motions of the defendant and granting the motions of the plaintiffs ought to be determined by the full court before any further proceedings in the trial court, at the request of the defendant I report these cases for that purpose."

The meaning of our earlier statutes as to interrogatories was set forth in a luminous opinion in *Wilson* v. *Webber*, 2 Gray, 558. Under those statutes manifestly these interrogatories would not have been permissible. The right to interrogate parties was enlarged by St. 1909, c. 225. The change thus effected was discussed in *Looney* v. *Saltonstall*, 212 Mass. 69. Meanwhile, pursuant to c. 115 of Resolves of 1909, a commission was created to "investigate the causes of delay in the administration of justice in civil actions . . . the expediency of permitting the examination of parties . . . at an early stage of judicial proceedings . . . ." The report of that commission presented to the General Court in 1910 contained these words at page 19: "We have suggested a wide extension of the power to interrogate parties." A more sweeping expansion in the law as to interrogatories was made by St. 1913, c. 815, now embodied without material change in G. L. c. 231, §§ 61 to 67, both inclusive, except that § 63 has been amended by St. 1922, c. 314. The force and effect of these changes were discussed at some length in *Cutter* v. *Cooper*, 234 Mass. 307. It there was said at page 314 that now "the scope of the subjects about which interrogatories may be asked is as broad as the field of inquiry when the person interrogated is called as a witness to testify orally in the actual trial," with qualifications not here material. That was a simple statement in slightly amplified form of the terms of said § 63 that "Any party . . . may interrogate an adverse party for the discovery of facts and documents admissible in evidence at the trial." Whatever may be thought concerning the practical operation of the statute (See Report of Committee on Legislation of Massachusetts

Bar Association for 1913, pages 39 to 43), there can be no doubt as to its meaning and it cannot be thought that there was any inadvertence on the part of the Legislature in enacting it. All that was decided in *Cutter* v. *Cooper* is reaffirmed. It is pertinent to the present cause.

The specific grounds on which the action of the trial judge rested are not stated definitely. Hence it is necessary to examine all grounds available on the record to determine whether that action can be supported.

1. The validity of interrogatories is not dependent upon the questions whether they were "prepared with particular reference" to or necessitated "thought or labor" touching the cases at bar. The method of preparation is of no consequence. The only relevant point is whether they are reasonably adapted to seek "discovery of facts and documents admissible in evidence at the trial of the case." Doubtless many questions might rightly be the same with respect to automobile accidents regardless of the special facts of a given case.

2. When interrogatories are filed it is wholly immaterial whether they are "stock forms," whether they are "mimeographed" or "written, dictated or typewritten," or "prepared in large quantities," so long as they are proper in substance and comply with § 7 of the "General Rule as to the Records of the Supreme Judicial and the Superior Courts." Rules of Supreme Judicial Court (1926), page 61. The only thing to be considered is whether the interrogatories are pertinent to the issues in the case.

3. It is stated in the report that the plaintiff Goldie Lisker "is an unmarried woman". That fact did not appear in the writ or declaration. It is not stated that it was known to the defendant or his counsel when the interrogatories were filed or prior to the hearing on the motion to nonsuit for failure to answer the interrogatories. It is said further in the report that there was no suggestion that she had ever borne a child. Doubtless these statements in the report refer to interrogatory 3 to that plaintiff, which inquired whether she was married or single, the date and place of marriage, the number and dates of birth of children, if any,

and the name and occupation of her husband. If she was unmarried, the other questions required no answer, except possibly the one as to children, and the judge well might have ordered that not to be answered. *Luiz* v. *Falvey*, 228 Mass. 253, 257. If she were married, it hardly could be contended that these questions would have been impertinent in the oral examination of a party claiming compensation for damages resulting from a personal injury.

4. The motion of the plaintiff to strike from the record the interrogatories was granted. The grounds alleged in that motion are that most of the interrogatories are (a) immaterial and irrelevant, (b) a stock set, (c) too voluminous, (d) intended to harass the plaintiff, and (e) an unnecessary burden on the court.

(a) and (c). These grounds would be sound if justified by the nature of the interrogatories. No court can be compelled to go through a mass of undigested material presented by a party in order to find a little that is germane to the case. A great bulk of chaff need not be searched to find here and there a grain of wheat. If a set of interrogatories upon summary examination appears to include many irrelevant questions or to be expressed in crude form, or to be verbose or repetitious, it may be stricken from the files. See *Horan, petitioner*, 207 Mass. 256; *Moneyweight Scale Co., petitioner*, 225 Mass. 473, 479; *Thorndike, petitioner*, 254 Mass. 256, 257, and cases there cited.

A careful examination of the interrogatories in the cases at bar leads us to the conclusion that they cannot be rightly described as irrelevant, immaterial or too wordy. Interrogatories to an adversary party are in the nature of an examination designed to obtain disclosures of facts admissible in evidence. This is a broad field. Whatever facts are material to the issues raised may be developed by interrogatories under our statute. The ascertainment of facts having probative force on the issues, nothing more and nothing less, is the whole object of a trial in court. An adversary party, when called as a witness, may be cross-examined. G. L. c. 233, § 22. The direct and cross-examination of witnesses is in general and within reasonable limits subject to the

power of the trial judge as to length. *Commonwealth* v. *Coughlin,* 182 Mass. 558, 564. *Squier* v. *Barnes,* 193 Mass. 21, 25. *Smith* v. *Boston Elevated Railway,* 208 Mass. 186, 187, and cases there collected. *Commonwealth* v. *Russ,* 232 Mass. 58, 79. *Commonwealth* v. *Bosworth,* 257 Mass. 212, 214. *Commonwealth* v. *Mercier,* 257 Mass. 353, 366. It may be that time is wasted by the prolix examination of witnesses. This doubtless is due to various causes. Loyalty to the court, a sense of justice, due appreciation of their obligation to the public, the ability and training, of the members of the bar, are important factors. Trials ought not to be permitted to be too prolonged. Examination of witnesses ought to be as brief as is practicable. Questions should be concise, and directed to a definite object, not rambling and scattered. The trial ought continuously to march forward without repetitions and without diversions into collateral or disconnected matters. The judge ought to be always the guiding spirit and the controlling mind at a trial in this as in other particulars. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, 502. *Field* v. *Hamm,* 254 Mass. 268, 271. Nevertheless, a party may present his whole case. He cannot rightly be restricted on this point. *Union Trust Co.* v. *Magenis, ante,* 363, this day decided. The statute as to interrogatories confers rights which may be asserted in a proper way.

We do not need to go through the present interrogatories one by one. It is possible that a few of them might not require answer. That was for the judge to decide when objection was rightly presented. We need go no further now than to say that they were not as a whole or in any great part irrelevant or improper, and hence could not justly be stricken from the files.

(b) As already pointed out, that the interrogatories were a "stock set" does not justify striking from the files if the questions are proper.

(d) Whether interrogatories are intended "to harass" a party is not very important, although humane considerations both of manner and substance are not to be neglected or overlooked. The determining factor, however, is whether

.they are competent. If they are competent and not repetitious or verbose, or objectionable in form or substance, they must be answered although annoying to the party.

(e) Interrogatories cannot be an "unnecessary burden on the court," which are competent and properly designed to elicit the "discovery of facts . . . admissible in evidence at the trial of the case." If they meet that essential test, they must be answered.

The result is that the orders, denying the defendant's motions to nonsuit the plaintiffs for failure to answer the interrogatories and granting the motions of the plaintiffs to strike the interrogatories from the files on the grounds stated, were erroneous and they are reversed. The cases are to stand for further hearing on the merits of the motions in conformity to the principles stated in this opinion.

*So ordered.*