Bolster, C. J.
The plaintiff sues in a count for money had and received, with a special count added by amendment, for $80., representing instalment payments by him on the purchase of a $1300. investment certificate from the defendant. He claims the right to rescind and recover because of the alleged breach by the defendant of its agreement, contained in the certificate, “to keep and maintain at all times first mortgages for first deeds of trust on improved real estate, cash, government and municipal bonds, and other securities that qualify for investments of life insurance companies under the laws of the state of New York, in an amount equal to $110. for each $100. of its liability hereunder and under all other like outstanding certificates issued by it, said liability being the optional settlement amounts — less loans.” The certificate issued March 3, 1933, and the plaintiff claimed a right to rescind on July 15,1935.
The plaintiff, on Sept. 12, 1935, filed a notice to admit facts, and the defendant admitted the sale of the certificate, the payment of $80. up to and including June 15,1934, and the term of its contract quoted above. It also filed a copy of the investment certificate, and of the plaintiff’s ap *132 plication therefor. The plaintiff then filed interrogatories, in answer to which the defendant annexed, as requested, copies of the annual reports of condition issued by it in December, 1933, and 1934. The question comes on the remaining interrogatories. Though only four in their numbering, they ask for the names and addresses, amount of certificates, date when taken out, maturity, amount deposited by each policy holder, the extent of default for each defaulted . certificate, for the names, addresses, amount-owed, nature of debt and when contracted, of every creditor, a description of each loan made, stating names and addresses of debtors, the amounts of loan, when made, maturity, interest rate, nature of security, its value at the time of loan and at the time of financial statement, all of the foregoing items “for each separate financial report from Mar. 3, 1933, to date of writ (Aug. 20, 1935).”
The defendant declined to answer, stating that they had over 200,000 certificates in force, throughout the United States and Canada, that the answer to the inquiry about the certificate holders would require approximately 277 pages, that to separate the defaulted certificate holders, and tabulate the extent of the defaults would require weeks of clerical work and an expense of several thousand dollars, that to make separate valuation of assets would involve approximately 7345 loans at a cost, with the accounting and clerical expense, of over $80,000. It declines to give the detailed information as to its creditors on the ground that it is immaterial.
The judge denied, without explanation, the plaintiff’s motion, not that the defendant be ordered to answer in toto, but his motion for “further answers.” The plaintiff’s argument here, however, has been that he is now entitled to all the discovery he asks, not certain parts to be specified by him. Still, on such a motion, the fact that he asks too *133 much, hardly seems to furnish an adequate reason for refusing him what is rightfully his.
The judge was confronted by a situation in which, if definite action were taken, he either had to put the plaintiff to the risk of losing his case for lack of proof, or compel the defendant to surrender at discretion. We cannot agree with the defendant that the plaintiff must rest content with the defendant said about its financial condition. Certificates of accountants do not create conclusiveness. A shortage of stipulated assets below liabilities is something to be shown by facts, not by someone’s opinion about the facts. Still, if any discretionary power entered into the matter of this motion, it cannot be said that discretion was here abused. Justice to plaintiffs must be counter-balanced by justice to defendants. But the plaintiff’s position is that the judge had no discretion, that the right to present discovery was absolute. It is to be observed that this is not a case of denial of substantive rights, which no judge can withhold. The matter is procedural. There are always limits in that field, to be imposed within reason. To illustrate, a plaintiff is given a statute right to interrogate trustees. But it has always been held that such interrogation has limits. The analogous right of a trial judge to set limits to trial of collateral issues, to examination and cross examination, and time in trial and argument is always at hand, provided action be not arbitrary. Such powers are inherent in all courts of justice. And these interrogatories are within the spirit, as well as the letter, of Gen. Laws, Ter. Ed., Ch. 231, see. 61. It cannot, however, be said that none of the matters inquired about are relevant to the issues raised by the pleadings. Goldman v. Ashkins, 266 Mass. 374. The denial of this motion, however, is not precisely what the plaintiff conceives it to be. It does not necessarily and alone import that the discovery cannot ever *134 be had. It also means that it cannot be had at the time it is asked. No rulings of law were asked at the hearing. All that is reported is the order denying the motion. The court always has power in a proper case to separate the issues for trial, and to direct the order of their trial. Deferring the" issue of damages till liability is settled is a familiar illustration. If the plaintiff is to be given the right to break down into ultimate units all the accounting system of this defendant over a period of years in order to strike a true balance of accounts, it may happen that the court will have to go over that elaborate process again at the trial of the issue to which it relates. Even if not by discovery, evidence along the same lines may have to be received. A due regard to public expense and to the rights of other litigants in a busy court requires that that process shall not be gone through unless and until it appears that not to do so will result in a denial of justice. The right to file interrogatories is given by section 61 of the Practice Act, but if they are not answered, the power and scope of compulsion is by. section 64 left to the court.
The plaintiff here alleges a right to rescind. Assuming in his favor that the defendant has not kept its contract about the maintenance of securities, there still remains the, question whether he can stand on that breach. There appears to be no challenge by the plaintiff of the defendant’s statement that he did not make any payments after June, 1934. The plaintiff in his declaration alleges a rescission attempted on July 15, 1935. The copy of certificate on file calls for an annual payment of $57.00 in advance, though thé acceptance of a series of $5.00 payments indicates some modification. It would appear that the plaintiff himself may not have kept the contract. A party seeking to re-. scind must ordinarily be not himself in default. He must either be in a position to say to the other party, “I kept *135 the contract, you broke it in a material matter, therefore I annul it”, Williston, Contracts, sec. 1468, Keener, Quasi-Contracts, 2.14 et seq., or to say, “I have an excuse good in law for my own non-performance.” And, given a right to rescind, election so to do must be grounded on that right, and be exercised seasonably. One cannot discover later that he may have had at some former time a right to rescind not then discovered, and turn that into an excuse for his own default. It is not without significance that the application states that there is to be no refund unless payments for at least eighteen months have been made.
We think this a case in which, apart from the matter of discovery, the plaintiff’s standing should be ascertained before any such laborious process as the plaintiff invokes for inquiry into the question of the defendant’s breach should be undertaken. The court ought, with or without motion, to make that separation for trial. But if that can and should be done, it follows that the judge had a discretionary power to deny the plaintiff’s motion for a present order.
Report dismissed.