CARLETON CHANDLER & others[1] *vs.* FMC CORPORATION.

No. 91-P-1160.

Norfolk. January 20, 1993. - September 22, 1993.

Present: KASS, SMITH, & PORADA, JJ

*Judge. Witness*, Limits on testimony.

At the trial of an action seeking recovery for personal injuries, the judge abused his discretion by imposing arbitrary time limits on the testimony of witnesses that prevented the parties from properly presenting their entire cases to the jury. [337-339]

CIVIL ACTION commenced in the Superior Court Department on June 16, 1986.

The case was tried before *John P. Sullivan*, J.

*John N. Lewis* (*Jeffrey N. Roy* with him) for the plaintiffs.
*Peter L. Puciloski* for the defendant.

SMITH, J. Carleton Chandler, a call fire fighter, suffered injuries when he slipped and fell from a fire engine as he climbed up its side during routine servicing. The fire engine was manufactured by FMC Corporation (FMC) and sold by Woodward Spring Shop, Inc. (Woodward). Chandler brought an action in the Superior Court against FMC and Woodward alleging negligence and breach of warranties in the design and sale of an allegedly defective side climbing system on the fire engine. Chandler claimed that a step on the side of the fire engine was too small to afford proper balance for a person climbing up the side of the fire engine. Chandler's wife and their minor children brought separate claims for loss of consortium. Prior to trial, the plaintiffs dismissed their claims against Woodward and their negligence count against FMC.

---

[1]Barbara Chandler and three minor children.

The matter was tried before a Superior Court judge and a jury. For reasons not apparent on the record, the judge decided, at the start of the trial, to set time limits on all the witnesses' testimony.[2] As a result, the following discussions occurred at the bench during the direct examination of the plaintiff Chandler:

| | |
|---|---|
| JUDGE: | "You have two minutes." |
| PLAINTIFFS' COUNSEL: | "That's a total of forty-five minutes, your honor, for the plaintiff?" |
| JUDGE: | "That's right." |
| PLAINTIFFS' COUNSEL: | "Would you note my objection, your honor?" |
| JUDGE: | "That's right." |

During cross-examination of Chandler, FMC's counsel was informed by the judge that "[y]ou have another eight minutes, you know." Later, FMC's counsel was summoned to the bench where the following occurred:

| | |
|---|---|
| JUDGE: | "That's it." |
| FMC'S COUNSEL: | "Could I just state for the record, your honor, that there [are] a number of other avenues of inquiry into which I would go if I had the time, and I'd like to object to your cutting me off at this point." |
| JUDGE: | "I told you how much time you had, and you've gone over it." |

---

[2]Although nothing in the record gives the judge's reasons for the imposition of time limits on the witnesses' testimony, according to the plaintiffs' brief, the judge placed time limits because, when the case was called for trial, there were only three days remaining in the session. Despite the parties' estimate of a two-week trial, it was completed in three days.

| PLAINTIFFS' COUNSEL: | "May I have an opportunity for redirect, your honor?" |
| JUDGE: | "Sure." |
| PLAINTIFFS' COUNSEL: | "How much time?" |
| JUDGE: | "Ten minutes." |

After the evidence on the liability aspect of the claim had concluded, the judge announced to the jury, "For reasons of the court's schedule, I am what they call bifurcating the case, that is, I'm going to put liability to you separately from damages." In his remarks, the judge also informed the jury that "[i]f you find liability for the plaintiff, then the second stage of the case will open up, and we will have additional evidence on the matter of all the damages."

Before the liability issue was submitted to the jury, the plaintiffs filed a motion for a "directed verdict" on the *Correia* defense issue. In *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 355 (1983), the Supreme Judicial Court ruled that, where a plaintiff asserts a personal injury claim based on a breach of implied warranty of merchantability, a defendant may raise as an affirmative defense that the plaintiff is barred from recovery because he violated a duty "to act reasonably with respect to a product which he knows to be defective and dangerous" and that the plaintiff's conduct was the cause of the injury.

According to the plaintiffs, FMC was not entitled to a jury instruction on the *Correia* defense because (1) there was no evidence offered by FMC that would support a *Correia* instruction, (2) FMC failed to plead the affirmative defense in its answer, and (3) FMC failed to supplement its answers to interrogatories relative to the defense. The judge denied the motion, stating that Mass.R.Civ.P. 15(b), 365 Mass. 761 (1974), "will allow [the amendment] on this evidence." The judge then instructed the jury, among other things, that Chandler could not recover if FMC met its burden of proving that "Chandler actually knew that the product he was using was defective and dangerous" and that he "acted unreasonably in using the product." In accordance with his in-

struction, the judge submitted special questions on the *Correia* defense for the jury to answer.

The special questions submitted to the jury were as follows:

"1.  Did FMC . . . breach any warranties which caused an injury to Carleton Chandler?

__Yes __No

2.  (a) Did Carleton Chandler know the product to be defective and dangerous?

__Yes __No

(b) If the answer to 2(a) is 'yes', did he then proceed voluntarily and unreasonably to use the product?

__Yes __No

(c) If the answer to 2(b) is also 'yes', did Carleton Chandler's actions cause his injury?

__Yes __No"

The jury answered all the questions in the affirmative, thereby finding that FMC had been in breach of warranties but that Chandler knew the product to be defective and dangerous and had proceeded voluntarily and unreasonably to use it. Finally, the jury found that Chandler's actions caused his injury.

Although the jury's answers to the special questions were in favor of FMC on the liability issue, the judge decided, over FMC's objection, to allow the trial to continue on the issue of damages. At a bench conference, the judge informed the lawyers for the parties that the trial should proceed because he had "some . . . problems" with the adequacy of the evidence concerning the *Correia* issue and he wanted the reviewing court to have "everything" before it.[3]

The trial proceeded on the damages issue in accordance with the judge's decision. After the parties concluded their

---

[3]At the bench conference, FMC's counsel argued that, if there was insufficient evidence on the *Correia* issue, it was caused by the time limits the judge had imposed on the witnesses.

The discussion on the matter was as follows:

presentation of the evidence on the matter, the judge instructed the jury on the law of damages. He specifically instructed the jury not to take into account any evidence of liability when considering the damages issue. The jury returned a verdict in favor of Chandler in the amount of $12,262.58. The jury found in favor of FMC in regard to Chandler's wife and children's claim.

After the verdicts on damages were returned, the parties filed various motions. The plaintiffs filed a motion for judgment notwithstanding the verdict on the liability issue and a motion for new trial on the damages issue only. Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974). In regard to the latter motion, the plaintiffs also filed a motion for an additur. FMC filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial in regard to the

| | |
|---|---|
| JUDGE: | "As I indicated, I had some [Mass.R.Civ.P.] 50(b) problems with the adequacy of the evidence on [special questions] 2A, B and C. I'll put the issue of damages to the jury. Then when that issue comes in, [they] will have everything on appeal to be resolved." |
| FMC'S COUNSEL: | "Excuse me, your Honor. This is a case where you limited my cross-examination of the plaintiff to thirty minutes. Obviously, I —" |
| JUDGE: | "No. I limited it to forty minutes." |
| FMC's COUNSEL: | "I believe that's incorrect, your Honor. I had to make some difficult decisions as to what lines of examination to pursue on that because I knew I couldn't get everything I needed." |
| JUDGE: | "Quid ad punctum?" |
| FMC'S COUNSEL: | "Excuse me?" |
| JUDGE: | "Quid ad punctum? What's the point of what you're saying?" |
| FMC's COUNSEL: | "The point is that had I been given ample time to cross-examine [Chandler], there would have been more evidence on [special] question 2, and, therefore, whatever issues there are at this point as to the —" |
| JUDGE: | "The reviewing court can judge for itself whether you wisely spent the time allocated to you in the cross-examination." |

jury's finding that FMC had committed a breach of its war-
ranty. FMC claimed, among other things, that there was no
evidence to support the jury's finding.

After considering the various motions, the judge reversed
his previous ruling that the *Correia* defense issue was a mat-
ter to be decided by the jury and instead ruled that the issue
should not have been submitted to the jury.[4] The judge then
allowed the plaintiffs' motion for judgment notwithstanding
the verdict and ordered judgment to enter in favor of Chan-
dler for $12,262.58 on his breach of warranty claim. He de-
nied the remaining motions of both parties.

On appeal, the plaintiffs claim, among other things, that
they are entitled to a new trial on the issue of damages be-
cause the judge improperly imposed time limits on the testi-
mony of the witnesses. FMC filed a cross appeal claiming
that the judge committed error in granting the plaintiffs' mo-
tion for judgment notwithstanding the verdict on the liability
issue. It claims, among other things, that sufficient evidence
had been presented on the *Correia* defense to have it submit-
ted to the jury.

The question of the propriety of a trial judge imposing
time limits on witnesses' testimony appears to be a matter of
first impression in the Commonwealth. We therefore write on
a clean slate.

---

[4]Although the discussion between the parties' attorneys and the judge
take up eighteen pages of transcript, it is not entirely clear on what
grounds the judge based his decision to grant the plaintiffs' motion for
judgment notwithstanding the verdict. We have previously alluded to the
judge's comments concerning the "problems" he had with the adequacy of
the evidence introduced by FMC on the *Correia* defense issue (see note 3,
*supra*). Before granting the plaintiffs' motion, the judge also discussed
with both counsel his concerns with FMC's failure to plead the *Correia*
defense in its answer and also its failure to supplement its answers to inter-
rogatories in regard to the defense.

From our reading of the record, it appears that FMC did not introduce
sufficient evidence on the *Correia* defense issue. That failure may be at-
tributable to the time limits imposed by the judge (see note 3, *supra*). In
any event, at the new trial, FMC may introduce relevant evidence on the
*Correia* defense issue. The sufficiency of that evidence is to be considered
by the trial judge presiding at the new trial.

"The judge's function at any trial is to be 'the directing and controlling mind at the trial . . . .' " *Commonwealth* v. *Sapoznik*, 28 Mass. App. Ct. 236, 241 n.4 (1990), quoting from *Commonwealth* v. *Wilson*, 381 Mass. 90, 118 (1980), quoting from *Commonwealth* v. *Lewis*, 346 Mass. 373, 379 (1963), cert. denied, 376 U.S. 933 (1964). An important part of the judge's function is to ensure that the trial always moves forward, without needless consumption of time and, "without repetitions and without diversions into collateral or disconnected matters." *Goldman* v. *Ashkins*, 266 Mass. 374, 380 (1929). In that regard, a judge has wide discretion to impose reasonable limits on the length of the direct and cross-examination of witnesses. *Id.* at 379-380. However, the limits must be reasonable; they must not prevent a party from presenting its entire case to the fact finder. *Id.* at 380, citing *Union Trust Co.* v. *Magenis*, 266 Mass. 363, 365 (1929).

Here, the judge imposed arbitrary time limits on the witnesses' testimony. As a result, the record clearly shows that the judge prevented the parties from presenting their entire case to the jury, both on the liability issue and damages. The judge, therefore, abused his discretion, and that error infected the entire trial.[5]

"The ascertainment of facts having probative force on the issues, nothing more and nothing less, is the whole object of a trial in court." *Goldman* v. *Ashkins*, *supra* at 379. That objective is thwarted by the arbitrary imposition of time limits on witnesses' testimony. For well over a century, trial judges

---

[5]Undoubtedly because the plaintiffs prevailed on the liability issue as a result of the judge's allowance of their motion for judgment notwithstanding the verdict, on appeal, they have requested a new trial on damages only because of the imposition of time limits. FMC has not requested a new trial on liability, which is somewhat surprising considering its vigorous objections to the imposition of time limits at the trial. Our examination of the record clearly shows, however, that the parties did not receive a fair trial because of the imposition of time limits, and we have granted a new trial on both the liability and damages issue. Cf. *Foley* v. *Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989). This result is consistent with our conclusion that the relief sought by each party would not be fair to the other party.

in the Commonwealth have been able to control the flow of testimony at trials without the imposition of time limits. We do not see any reason for the adoption of such means now.

The judgments are reversed. The matter is remanded to the Superior Court for a new trial on all the issues contained in the plaintiffs' complaint.

*So ordered.*