Curran, Dennis J., J.
In this dispute about the management of a duplex containing two condominium units, the plaintiffs claim that they intend to call 21 witnesses at trial, and the defendants claim they need to call 30 witnesses,[1] for a total of at least 51 witnesses.
This Court thinks it is possible that the proposed witnesses’ lists may be exaggerated and intended more for mutual posturing purposes; as such, they are unhelpful to the Court in managing the trial of this matter and this civil session.
As the parties likely know, the Court has the inherent power and wide discretion to set reasonable limits on the direct and cross examination of witnesses. Chandler v. FMC Corporation, 35 Mass.App.Ct. 332, 338 (1993); Borges v. Our Lady of the Sea Corporation, 935 F.2d 436, 442 (1st Cir. 1991). Accordingly, in an effort to properly manage this case, I hereby ORDER the following:
1.) Each counsel shall file, by the morning of trial on Thursday, August 9, 2012, a list containing the names and current addresses of each trial witness he/she intends to call;
2.) The list shall briefly, but completely:
a.) describe the subject matter of the proposed witness’s testimony;
b.) provide a good-faith estimate of how long a concise and well-prepared direct examination of each such witness will take; and
c.) explain how each such witness’s testimony will not duplicate that of any other witness called by the same counsel.

 There is, of course, some overlapping in the witness list, but the point is that taken together, both sides have reserved the right to call 51 trial witnesses.