NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13469

JONI BABALETOS, personal representative,[1] vs.  DEMOULAS SUPER
MARKETS, INC., & others.[2]


Middlesex.     November 3, 2023. - February 2, 2024.

Present (Sitting at Lowell):  Budd, C.J., Gaziano, Lowy, Kafker,
Wendlandt, & Georges, JJ.


Practice, Civil, Jury trial, Judicial discretion.  Evidence,
     Judicial discretion.  Time.



     Civil action commenced in the Superior Court Department on
December 10, 2018.

     The case was tried before Camille F. Sarrouf, Jr., J.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Andrew A. Rainer (Mark A. Gottlieb also present) for the
plaintiff.
     Scott A. Chesin (Christopher M. Morrison also present) for
the defendants.

---

     [1] Of the estate of Thomas Babaletos.

     [2] Philip Morris USA Inc. and R.J. Reynolds Tobacco Company.

LOWY, J.  The issue in this case involves whether the time limits a trial judge set for the presentation of evidence in a complex tobacco trial constituted an abuse of discretion.  This appeal arises from a wrongful death action brought by the plaintiff, Joni Babaletos, who served as a personal representative of the estate of her late husband, Thomas Babaletos, against the defendants, Demoulas Super Markets, Inc.; Philip Morris USA Inc.; and R.J. Reynolds Tobacco Company.  The plaintiff alleged that cigarettes produced and sold by the defendants caused Thomas Babaletos's death from cancer.  The plaintiff brought claims for breach of warranty in design, negligence in design and marketing, fraud, civil conspiracy, and unfair and deceptive acts and practices in violation of G. L. c. 93A, § 9.  A jury found for the defendants on the four claims presented to them, and the trial judge subsequently found no liability with respect to the c. 93A claim.  The plaintiff timely filed a notice of appeal, and we transferred the case here on our own motion.

On appeal, the plaintiff asserts that the trial judge's imposition of time limits forced her to forgo the presentation of evidence essential to her case.  The plaintiff has failed to demonstrate either an abuse of discretion on the part of the trial judge in the face of general objections, or how the plaintiff was prejudiced by the imposition of time limits.

Given that the trial judge repeatedly offered to extend scheduled half days to full days should the need arise during trial, that the plaintiff made no such requests as the trial progressed, and that the trial judge adopted the only two specific requests the plaintiff made for more time, we conclude that the trial judge did not abuse his discretion in setting reasonable time limits in this case. Accordingly, we affirm the trial court's judgment.

In most instances trial judges will find that they are able to manage the efficient presentation of evidence to the trier of fact without the need to impose time limits. Trusting in that, we also take this opportunity to provide some guidance in an Appendix to this opinion to trial judges who, in civil trials, believe that setting time limits for the presentation of evidence would be prudent in a particular case.

Background. We summarize the relevant facts as indicated by the record, reserving certain details for our analysis of the issues. Before trial, the defendants moved to impose time limits for the presentation of evidence, and the plaintiff opposed that motion. Prior to confirming time limits in the case, the trial judge heard arguments from both parties, discussed the matter at three separate pretrial conferences in October 2021, and received the parties' joint pretrial memorandum. The trial judge ultimately confirmed time limits

for the presentation of evidence and the length of trial on October 15, 2021, having reiterated that the limits were subject to change should a need to extend half days to full days[3] or to stay late on any given day arise.

At the first pretrial conference on October 1, the trial judge proposed an initial schedule of 1,575 minutes for the plaintiff and 1,575 minutes for the defendants, or just over twenty-six hours each, for all testimony and the presentation of evidence. The presentation of evidence was scheduled to conclude by November 9, after which point closing arguments would begin. The trial judge also informed the parties that the court would not be in session on November 12 because the judge had a prior commitment that day. In response to the proposed time limits, the plaintiff specifically requested that October 29, which was set to be a half day, be extended to a full day to accommodate a difficult-to-schedule witness. The plaintiff also

---

[3] It is unclear from the transcript whether the trial judge's offers to extend half days to full days were offers to extend the minutes allotted to each party. Because the extension of October 29 from a half day to a full day was ultimately accompanied by an increase in the number of minutes allotted to each party, it is possible the judge's offers to extend days were also offers to increase minutes. However, given that (1) the plaintiff clarified at the October 8 pretrial hearing that her objection was to the allotted number of days, not the allotted number of minutes; and (2) the plaintiff failed to request either more days or more minutes during trial, the question whether the trial judge's offers to extend half days to full days were offers to increase the parties' allotted minutes is immaterial.

made a general objection, telling the court it would be difficult to finish presenting the plaintiff's case before November 9. The trial judge agreed to the plaintiff's specific request for the extension of a half day on October 29 to a full day, affirmed a commitment to adjusting the schedule as needed to ensure the parties' ability to present their cases, and indicated a firmness as to the end date of November 9 for the presentation of evidence:

> "So, as I sit here now, I'm sticking with my deadline. As to half day/full day, if there's a witness that needs to be on, I have no problem staying. If we have to stay till 4:30 to finish somebody so they don't have to come back the next day, I'm fine with that. If we have to leave a little bit early one day because somebody isn't coming in till the next morning, I'm fine with that. So, I'll work with the parties so that they can get their case in, they can get their witnesses when they need them. As to Friday afternoon on the 29th, I have no problem doing it. I just laid out that staggered schedule as something for you to at least look at because we're trying to sort of clear the deck so that this case proceeds as efficiently as possible. I hear you . . . . As I said, I'll always listen and I'll consider it, but you've heard me."

At the second pretrial conference on October 8, the plaintiff again generally objected to the end date for the presentation of evidence for both parties, stating after a discussion of the plaintiff's intended witnesses: "When we went back and mapped out our case . . . the way that we see it is we think there's a good chance that the plaintiff rests our case on the 9th or maybe even the 10th, depending on how it goes." To which the trial judge responded, "I've got mapped out 1,635

minutes per side.  How is that not . . . ," before being interrupted by the plaintiff.  The plaintiff then clarified:

> "Let me -- if I could explain, your Honor?  It's not the minutes.  It's the days, and I'll explain to you what I mean by that.  The way this is working is -- I know the Court has indicated . . . that if we're at side bar or something like that happens, that's not going to be counted against the person's minutes, but that is counted in the sense that if we're at side bar and we're having arguments and we're doing other things, the clock is ticking whether it's being held against us or not.  In other words, I may not be able to finish a witness on a particular day.  I may end up not even using all the minutes you've given me but exceed the day total, and that's our concern."

Having just asserted that the allotted number of days, not the minutes, posed a problem, the plaintiff concluded by requesting an additional week of time, acknowledging that the court would not be in session on November 12 and seeking to move the end date for the conclusion of evidence from November 9 to November 15 or 16.  The trial judge responded, "As I said at the beginning, I'll listen to everybody, and I will consider everything."

At the third pretrial conference on October 14, the trial judge asked all parties how much time they would need for their closing arguments.  The plaintiff indicated about one hour.  The trial judge also noted that it came to his attention that the court would not be in session on November 11, due to the Veteran's Day holiday.  Wanting to avoid a four-day break between closing arguments and the start of deliberations, the

trial judge indicated a likely shift of the end date for the presentation of evidence from November 9 to November 10, with closing arguments now likely to start on November 15: "So, likely, evidence would close no later than the 10th, Wednesday, and if we have to go a full day Wednesday, I'll go." Commenting on his decision to move the end date for the presentation of evidence to November 10 despite his earlier affirmance of November 9, the trial judge stated, "As much as I wanted to shrink the trial, I was not going to go back on my word of what I had given as sort of an outlier of time and then move you back a full day." The trial judge then referenced receipt of the plaintiff's objection to the timeline and promised that a decision would be issued later that day, October 14, or on the next day, October 15. The trial judge also stated:

> "[L]isten, everyone here is extremely experienced at trying cases. There's a flow to a case and a cadence to a case, and you're not going to know what it is until it starts. So I think once it gets going, we're all going to have a much better idea of how it's going to flow. But my job is to make sure it flows efficiently and properly and lets everyone try their case at the same time."

On October 15, the trial judge presented his pretrial time limits for the presentation of evidence, increasing his preliminary allotment of 1,575 minutes, or just over twenty-six hours, for each party, to 1,680 minutes, or twenty-eight hours, for each party. The parties' cases were now set to conclude on November 10, with closing arguments to begin on November 15.

These adjustments had the effect of both extending the number of days allotted for the presentation of evidence and increasing the number of minutes the plaintiff had to present her case.

The plaintiff made no specific requests during trial for additional time for the presentation of evidence. Despite the trial judge's indications pretrial that he was willing to extend days should the need arise, the plaintiff made no proffer to the trial judge as to additional evidence she would have presented with additional time, nor did the plaintiff request during trial that additional half days be extended to full days or that the court remain in session later than usual on any given day to allow counsel to finish presenting evidence. The plaintiff's only request for additional time throughout the trial came at closing arguments, where counsel expressed that the allotted one hour was insufficient and requested ten additional minutes. The trial judge granted that request. Neither the defendants nor the plaintiff used all their allotted time at trial, with the plaintiff forgoing just over twenty minutes. The trial judge never interrupted the plaintiff's presentation of evidence on the basis of time during trial.

Discussion. We review a lower court's imposition of a time limit for the presentation of evidence and the length of trial for abuse of discretion. See Van Liew v. Eliopoulos, 92 Mass. App. Ct. 114, 118 (2017); Clark v. Clark, 47 Mass. App. Ct. 737,

746 (1999); Chandler v. FMC Corp., 35 Mass. App. Ct. 332, 338 (1993). A judge, "as the guiding spirit and controlling mind of the trial," has broad discretion over setting a schedule for the presentation of evidence, so long as exercise of that discretion is reasonable and does not interfere with a party's right to present his or her case. Clark, supra. See Guardianship of Brandon, 424 Mass. 482, 494 (1997); Van Liew, supra; Chandler, supra.

In light of the scarcity of case law in the Commonwealth specifically addressing the issue of time limits for the presentation of evidence and length of trial, we also survey general evidentiary principles and various other sources of authority in an effort to gauge common practices. "The judge presiding over the trial of a case has the power to keep the examination of witnesses within the limits of common decency and fairness, and he has the duty to exercise that power promptly and firmly when it becomes necessary to do so." Commonwealth v. Rooney, 365 Mass. 484, 496 (1974). See generally Mass. G. Evid. § 611(a) (2023). Furthermore, relevant evidence is "excludable in the judge's discretion as an unduly time-consuming . . . diversion" should the probative value of that evidence be substantially outweighed by such a risk. Commonwealth v. Cruz, 53 Mass. App. Ct. 393, 407-408 (2001). See generally Mass. G. Evid. § 403. These evidentiary principles are at least one

source of a judge's broad discretion to impose time limits as necessary in the Commonwealth.  See generally Mass. G. Evid. §§ 403, 611(a).

Other jurisdictions have relied on a court's inherent authority to control its docket as a source of a judge's broad discretion in this area, shedding light on what litigants may expect to be within a judge's power to implement.  See United States v. DeCologero, 364 F.3d 12, 23 & n.7 (1st Cir. 2004) (discussing courts' reliance on Fed. R. Evid. 403 versus courts' inherent authority when considering propriety of imposition of time limits); Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 609 (3d Cir. 1995), quoting G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 652 (7th Cir. 1989) ("Although the procedural rules governing federal civil litigation do not explicitly authorize a district court to set time limits for a trial, a district court has inherent power 'to control cases before it'"); United States v. Reaves, 636 F. Supp. 1575, 1577 (E.D. Ky. 1986) ("the inherent power of the court to manage its workload by placing reasonable time limits on trials is theoretically unchallengeable").

Further, local court rules and professional organizations have offered guidance for judges.  Rule 43.1 of the Local Rules of the United States District Court for the District of Massachusetts (effective Oct. 1, 2023) (Local Rule 43.1) permits

a judge to impose time limits in the absence of agreement among the parties and to adjust any such limits upon a showing of good cause. In considering a request for an increased allotment of time after the commencement of trial under Local Rule 43.1, a judge may consider, among other relevant factors, whether the moving party has used the time allotted reasonably so far, complied with orders, and explained sufficiently why additional time is needed and how it would be used. Id. ("A request for added time will be allowed only for good cause. In determining whether to grant a motion for an increased allotment of time, the court will take into account . . . the moving party's explanation as to the way in which the requested added time would be used and why it is essential to assure a fair trial . . ."); American Bar Association, Civil Trial Practice Standards § 8(f), SN063 ALI-ABA 839, 865 (2007) ("The court should reassess imposed limits in light of developments during trial, and may grant an extension upon a showing of good cause").

The American Bar Association's Civil Trial Practice Standards advise that, before imposing time limits, courts should make an informed analysis of the parties' cases and plans for trial, discuss the possibility of self-imposed time limits with the parties, and afford the parties an opportunity to be heard on the matter. Civil Trial Practice Standards § 8(a),

SN063 ALI-ABA at 865. These sources provide insight into how a judge can suitably exercise his or her broad discretion in choosing whether and how to impose time limits for the presentation of evidence and length of a trial.

In light of our case law and the instructive sources discussed supra, in determining whether to impose time limits, and if so the length to impose, a trial judge should perform an informed analysis of case-specific circumstances, including but not limited to the complexity of a case and the parties' representations of their needs. This informed analysis may involve reviewing written motions and affording the parties an opportunity to be heard on the issue. Upon request of a party, a judge should reassess imposed time limits in light of evolving circumstances at trial. Flexibility is essential. Importantly, though, it is incumbent on the parties to reevaluate their ability to present their case within the framework imposed by the court and to make specific requests and objections accordingly. A trial judge cannot be expected to respond with flexibility unless the parties alert the judge to a prospective need for additional time.

In the instant case, the trial judge did not abuse his discretion in setting time limits. The trial judge reviewed the parties' motions for and against time limits, received the parties' joint pretrial memorandum, and heard arguments from

both parties on the matter on multiple occasions before setting pretrial time limits: "As I said at the beginning, I'll listen to everybody, and I will consider everything." Cf. Chandler, 35 Mass. App. Ct. at 338 (holding judge abused discretion where, among other things, he arbitrarily limited redirect examination of witness in middle of trial without parties having opportunity to have been heard). The trial judge also expressed a commitment to reassessing his pretrial time limits by offering, on multiple occasions, to extend half days to full days and stay late as needed.

The trial judge's offers of flexibility in this regard are significant. The schedule as set by the trial judge was subject to change, driven by the parties' abilities to put on their cases. The judge, however, can only be expected to exercise his discretion to extend time limits in response to developments at trial if a party represents such a need to the court. The plaintiff in this case simply never provided the kind of input the judge invited. Specifically, not once after trial began did the plaintiff ask for the extension of a half day to a full day, nor did the plaintiff ever connect general pretrial objections to an actualized need during trial to forgo specific evidence.

The plaintiff asserts on appeal that she had to forgo entirely the testimony of multiple of her witnesses. Yet, we cannot know on appeal whether the trial judge would have granted

or denied the plaintiff's request for more time had the plaintiff, for example, requested during trial that a half day be extended to a full day to allow for such testimony, as the trial judge specifically offered to do. Had the plaintiff in fact requested as much and had the trial judge elected to honor the request -- which his earlier offer indicated was likely -- the plaintiff would have had two more hours, in addition to the twenty minutes she forwent at trial, to present additional evidence. Without any input of this kind from the plaintiff, it cannot be said that the trial judge abused his discretion. Given the plaintiff's failure in this regard, she cannot demonstrate how she was prejudiced, or that the judge abused his discretion.

The trial judge's decision on October 15 as to the schedule cannot be understood as final in light of his repeated offers to adjust as needed. The trial judge again offered to extend half days after he had already granted the plaintiff's request for one such half-day extension, indicating a continued willingness to adjust: "So, likely, evidence would close no later than the 10th, Wednesday, and if we have to go a full day Wednesday, I'll go." Moreover, in the two instances in which the plaintiff made specific requests -- when the plaintiff sought the extension of October 29 to a full day at the pretrial stage and when the plaintiff sought ten extra minutes for her closing argument --

the trial judge adjusted the schedule accordingly.  A trial judge, having wide discretion over the management of a trial, cannot be said to have abused his or her discretion if he or she, having received no requests from parties to do otherwise, proceeds according to a reasonable schedule set at the start of trial.  Because the plaintiff has failed to demonstrate an abuse of discretion or how she was prevented from presenting her entire case, we affirm the trial court's judgment.

Conclusion.  In sum, we conclude that the judge's imposition of a reasonable limit on the length of the trial in this instance neither constituted an abuse of discretion nor prevented the plaintiff from presenting her case to the fact finder.

Judgment affirmed.

<u>Appendix</u>.


Surely, time limits are neither the only method nor usually the best method by which to ensure the efficient presentation of evidence to the trier of fact. Nonetheless, they may prove a useful tool available to a trial judge in the context of complex civil trials, and so we provide the following guidance for judges for how best to approach the imposition of time limits. With the recognition that every case is different and trial judges have wide discretion over the management of a trial:

- judges should avoid setting time limits for the various components of a trial before a thorough review of the case and the parties' plans with respect to the presentation of evidence;

- judges should provide parties with an opportunity to be heard on the issue of time limits;

- judges should pay particular attention to (1) the complexity of a given case and (2) the nature of the claims and defenses of the parties;

- judges should generally allocate time equally to the plaintiff(s) and defendant(s) but may consider the possibility that a party with the burden of proof might, in a given case, require enhanced trial time;

- judges should give the parties notice of any time limits before the start of trial, so that the parties may plan accordingly, and should likewise provide updates as to the accounting of time throughout trial;

- judges should not be reticent to reevaluate their pretrial determinations based on developments during trial;

- judges should reasonably accommodate a party's request during trial for a reasonable adjustment of the time limits if that party adequately explains why additional time is needed and how, if granted, that additional time would be used; and

- judges should emphasize when informing a jury venire of the anticipated length of a trial that such estimates are not precise.