NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-491

BRIAN BRAGINTON-SMITH

vs.

DOROTHY R. TEREN.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Brian Braginton-Smith, filed a complaint in the Barnstable Superior Court against the defendant Dorothy R. Teren, in her capacity as former power of attorney for Dorothy Braginton-Smith, the plaintiff's and defendant's mother, and as successor trustee of the M.R. Realty Trust, seeking to impose a constructive trust in his favor on a property held by the trust, and in the alternative, alleging counts for quantum meruit and equitable relief.  The defendant counterclaimed seeking a declaration that she was the lawful owner of the property and had the authority as trustee to require the plaintiff to vacate

_____

[1] Individually and as trustee of the M.R. Realty Trust.

the property, and requesting use and occupancy payments from the plaintiff.  After a trial, the jury entered its verdict on special questions.  The trial judge then entered final judgment (1) dismissing the plaintiff's complaint, (2) declaring that the defendant is entitled to sole possession of the property, and (3) awarding use and occupancy damages to the defendant.  We affirm.

Discussion.  The facts of the proceedings below are well known to the parties and will be repeated below only as necessary.

a.  Trial management.  "[J]udges are afforded substantial latitude in pretrial and trial management."  Esteraz, petitioner, 90 Mass. App. Ct. 330, 335 (2016).  We review these decisions by the trial judge for abuse of discretion.  See Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).  Additionally, we review evidentiary determinations concerning relevance and probative value for abuse of discretion.  See Carrel v. National Cord & Brain Corp., 447 Mass. 431, 446 (2006).

The plaintiff asserts that the judge abused his discretion during the course of the trial in several ways.  First, he claims the judge erred in failing to exclude testimony from the defendant where she stated, "my mother gave [the plaintiff]

2

large sums of money at several different times."  The plaintiff

argues this testimony was irrelevant and prejudicial, leading

the jury to believe the plaintiff "enjoyed a windfall," and that

no evidence was submitted demonstrating the claim.[2]  We disagree.

The judge did not err in concluding that the testimony, provided

by the plaintiff's other sister and not the defendant as the

plaintiff claims, is relevant under the defendant's theory that

their mother had not bequeathed the property solely to the

plaintiff because she had already given him a disproportionate

amount of money compared to her other children.  See Anthony's

Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 477 (1991)

("issue of relevancy is a matter on which the opinion of the

trial judge will be accepted on review except for palpable

error" [quotation and citation omitted]).

Further, documentary evidence was not required to show that

the mother had gifted the plaintiff "large sums of money."  The

witness demonstrated that she had personal knowledge of the

mother's finances, as she testified to helping to oversee the

mother's financial affairs, and the jury was free to assess her

---

[2] The plaintiff does not argue in his brief that this
statement is hearsay, nor did the plaintiff's counsel object to
its admission at trial.  Thus, any challenge to the
admissibility of this statement based on hearsay is waived.  See
Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).

3

credibility in relation to the plaintiff.  See Commonwealth v. Harbin, 435 Mass. 654, 657 (2002) (witnesses competent to testify when "evidence is introduced sufficient to support a finding that they have personal knowledge of the matter about which they are testifying").

Second, the plaintiff argues that the judge improperly interjected his personal interpretation of the plaintiff's testimony.  Specifically, in response to the plaintiff's counsel's question, "Did you actually purchase the property in 1994 as a result of this particular purchase and sale agreement at that time?", the plaintiff replied, "It couldn't be transferred, so I couldn't purchase it."  The judge interjected, stating, "So, the answer is no.  Next question, please."  The plaintiff's counsel failed to object to the judge's summary of the testimony.  "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal."  Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997).  Because this claim "fits none of the usual exceptions to the general rule that claims not raised below are waived," we need not address it.  Id. at 338-339.

Third, the plaintiff asserts that the judge improperly excluded probative and admissible testimony regarding the poor

4

condition of the property.  For example, the plaintiff claims the judge erred in sustaining an objection to the plaintiff's testimony on the basis of hearsay where the plaintiff attempted to testify that (1) the prior owner (John Dunphy) of the property told him there was an oil leak and (2) that the woman residing at the property had complained to Dunphy about the high cost of her oil bill.  The plaintiff contends that these statements are admissible under a hearsay exception demonstrating the property owner's state of mind as to the condition of the oil leak.  See Mass. G. Evid. § 803(3)(B)(ii) (2025) ("Statements, not too remote in time, which indicate an intention to engage in particular conduct, are admissible to prove that the conduct was, in fact, put in effect").  We are not persuaded.

Dunphy's first statement concerning the oil leak was not subject to the state of mind exception to the rule against hearsay, as it was not offered by the plaintiff to evince the intent of the declarant, Dunphy, to engage in a particular course of conduct.  See Mass. G. Evid. § 803(3)(B)(ii). Instead, it was offered to establish the plaintiff's intent to negotiate a sale price for the property.  See Commonwealth v. Conley, 103 Mass. App. Ct. 496, 511 (2023), citing Mass. G. Evid. § 803(3)(B)(ii) (state of mind hearsay exception not

applicable to statements that state "the [declarant]'s memory or belief . . . offered to prove the fact remembered or believed" and do not "contemplate future conduct").

Moreover, the testimony as to what Dunphy said about the oil leak was not relevant. The existence of oil contamination to the property at a time the plaintiff was attempting to purchase the property, and before the mother was interested in purchasing it, is not probative of whether the plaintiff and his mother had an agreement to transfer him title to the property.[3] See Mass G. Evid. § 803 note ("Evidence of a person's state of mind, whether hearsay [and offered under this exception] or nonhearsay, is admissible only if the state of mind is relevant"); Cf. Commonwealth v. Trotto, 487 Mass. 708, 727 (2021) ("Evidence of a victim's state of mind is admissible where that state of mind is relevant to an essential element of the crime charged"); Commonwealth v. Seabrooks, 425 Mass. 507, 512 (1997) ("Allowing hearsay statements generally under the state-of-mind exception would entirely eviscerate the hearsay rule and its important purpose of securing the correctness and completeness of testimony through cross-examination").

---

[3] The record demonstrates that the plaintiff attempted to purchase the property in 1994, but the purchase was not completed because of the oil contamination. The mother then purchased the property on her own in 1996.

Even if this statement fell under a hearsay exception and was relevant, the plaintiff was not prejudiced by the statement's exclusion because it was cumulative of other testimony. Cf. Commonwealth v. Wilson, 427 Mass. 336, 348 (1998). The jury heard testimony from the plaintiff that there was a strong oil scent in the basement; there had been a significant oil spill; the plaintiff intended to remediate the oil spill; and the plaintiff offered to buy the property at a reduced price.

As to the plaintiff's second statement, that a prior tenant had complained to Dunphy, the judge did not abuse his discretion in excluding it because the statement was "hearsay within hearsay." See Mass. G. Evid. § 805 (2025) ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule"). For the same reasons as the plaintiff's first statement, the second statement was not subject to any hearsay exception, not relevant, and cumulative of other evidence.

We disagree with the plaintiff's contention that the trial judge rushed the plaintiff's counsel in questioning his witnesses such that the plaintiff was prejudiced. Our review of the trial transcript demonstrates that the judge acted well within his discretion in managing the length of the trial and,

7

further, was fair and reasonable with his approach and decisions.  See Chandler v. FMC Corp., 35 Mass. App. Ct. 332, 338 (1993) ("judge has wide discretion to impose reasonable limits on the length of the direct and cross-examination of witnesses" [citation omitted]).

b.  Motion for new trial.  A party moving for a new trial on the grounds of newly discovered evidence under Mass. R. Civ. P. 60 (b) (2) (Rule 60(b))

> "must satisfy four requirements:'(1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted'" (citation omitted).

Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 361 (2008).  Where the motion judge was also the trial judge, "we defer broadly to the [judge]'s informed discretion in granting or denying relief from judgment, and we review [the] ruling solely for abuse of that discretion" (citation omitted).  Id.

Here, after trial, the plaintiff produced an affidavit from an alleged newly discovered witness, John English.  In the affidavit, English, a long-time family friend, claims to have had a conversation with the plaintiff's mother in 1994 where the mother mentioned her intent to "put the house in her name so [the plaintiff]'s ex-wife couldn't take it from him as part of

8

their divorce."  The judge was well within his discretion in denying the plaintiff's motion and declining to hold a hearing where the conclusory statements in the plaintiff's own affidavit failed to meet his burden of showing the new witness "could not by due diligence have been discovered earlier by the movant." Cahaly, supra.  See Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 808 (2002) (support for rule 60 (b) motion must consist of facts and not conclusory statements).  The plaintiff does not give an adequate reason why English, as a "longtime friend[]" of the family who "saw all the clean up work at [the mother's] home," could not have been discovered earlier with due diligence.  In addition, English's affidavit is cumulative of both the plaintiff's and his wife's testimony as to the mother's alleged intent to protect the plaintiff from his ex-wife by keeping the property in a trust.

We also note that English's statements in the affidavit would not "probably change the result."  English alleges the mother made the statement about her intent to place the property in a trust in 1994.  But as discussed above, the mother's alleged statement was related to the plaintiff's purchase agreement in 1994; it was inconsequential to her eventual purchase of the property in 1996.

Finally, in declining to hold a hearing, the judge "was informed by his long involvement with this . . . case and his opportunity at trial to assess the credibility of the witnesses."  Knott v. Racicot, 442 Mass. 314, 326 (2004), citing Commonwealth v. Carver, 33 Mass. App. Ct. 378, 381 (1992) (judge "entitled to use his knowledge and evaluation of the evidence at trial in reaching a decision" on motion for new trial).[4]

Judgment affirmed.

Order denying motion for new trial affirmed.

By the Court (Englander, Hodgens & Smyth, JJ.[5]),

_Paul Little_

Clerk

Entered:  September 5, 2025.

---

[4] We deny the defendant's request for appellate fees and costs associated with the plaintiff's second appeal.

[5] The panelists are listed in order of seniority.

10